E-FILED; Baltimore City Circuit Court
Docket: 2/5/2025 1:08 PM; Submission: 2/5/2025 1:08 PM
Envelope: 19843921

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**CLAUDIA ENGELHORN**
1727 Kingsbury Drive,
Nashville, Tennessee 37215

    and

**CLAUDIA ENGELHORN, AS TRUSTEE OF
THE WHITEWATER REVOCABLE TRUST
DATED SEPTEMBER 30, 2021**
1727 Kingsbury Drive,
Nashville, Tennessee 37215

    and

**WHITE PEARL, LLC**
1209 Orange Street
Wilmington, Delaware 19801

    *Plaintiffs*

v.

**ERIK D. BOLOG**
9312 Chesley Road
Potomac, Maryland 20854

    and

**ERIK D. BOLOG, AS TRUSTEE OF THE
JAREB IRREVOCABLE TRUST
AGREEMENT DATED OCTOBER 11, 2021**
The Bolog Law Group
1763 Columbia Road, NW, Suite 450N
Washington, DC 20018

    and

**WHITEFORD, TAYLOR & PRESTON, LLP**
Seven St. Paul Street
Suite 1900
Baltimore, Maryland 21202

Case No.:    C-24-CV-24-002631

Serve On:                                                     )
Resagent, Inc.                                                )
Seven St. Paul Street                                         )
Suite 1900                                                    )
Baltimore, Maryland 21202                                     )
                                                              )
and                                                           )
                                                              )
**MICHAEL POSTAL**                                            )
4302 Broken Arrow Court                                       )
Clinton, Maryland 20735                                       )
                                                              )
and                                                           )
                                                              )
**POJO LAPLATA LLC**                                          )
4302 Broken Arrow Court, Apt. 606                             )
Clinton, Maryland 20735                                       )
Serve On:                                                     )
Anjon Jones                                                   )
4302 Broken Arrow Court                                       )
Clinton, Maryland 20735                                       )
                                                              )
and                                                           )
                                                              )
**DARNESTOWN ROAD, INC.**                                     )
8938 Abbey Terrace                                            )
Potomac, Maryland 20854                                       )
Serve On:                                                     )
Erik D. Bolog                                                 )
8938 Abbey Terrace                                            )
Potomac, Maryland 20854                                       )
                                                              )
and                                                           )
                                                              )
**SCIENCE PARK ASSOCIATES, LLC**                              )
6701 Democracy Boulevard                                      )
Suite 515                                                     )
Bethesda, Maryland 20717                                      )
Serve On:                                                     )
Erik D. Bolog, Esq.                                           )
8938 Abbey Terrace                                            )
Potomac, Maryland 20854                                       )
                                                              )
and                                                           )
                                                              )

SWAIN LANDING LAPLATA JC, LLC          )
4302 Broken Arrow Court                )
Clinton, Maryland 20735                )
    Serve On:                         )
    Anjon Jones                       )
    4302 Broken Arrow Court           )
    Clinton, Maryland 20735           )
                                      )
   and                               )
                                      )
TENACITY INVESTMENTS, LLC             )
7333 New Hampshire Avenue              )
Unit 103                               )
Takoma Park, Maryland 20912            )
    **Serve On:**                     )
    Mike Postal                       )
    7333 New Hampshire Avenue         )
    Unit 103                          )
    Takoma Park, Maryland 20912       )
                                      )
   *Defendants*.                     )

---

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Claudia Engelhorn, individually and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended, and White Pearl, LLC, file this Second Amended Complaint and Demand for Jury Trial against Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, Whiteford, Taylor & Preston, LLP, Michael Postal, POJO LaPlata LLC, Darnestown Road, Inc., Science Park Associates, LLC, Swain Landing LaPlata JC, LLC, and Tenacity Investments, LLC, and respectfully states as follows:

### PARTIES

1.      That Plaintiff, Claudia Engelhorn ("Plaintiff Engelhorn"), is a citizen of the State of Tennessee.

2.      That Plaintiff, Claudia Engelhorn is the Trustee for the Whitewater Revocable Trust dated September 30, 2021, as amended ("Plaintiff Trust").

3.      That White Pearl, LLC is a single-member, limited liability company organized under the laws of Delaware, with Plaintiff Engelhorn being the sole member.

4.      That Plaintiff Engelhorn and Plaintiff Trust are the former clients of attorney Erik D. Bolog, Esquire, and the law firm of Whiteford, Taylor & Preston, LLP.

5.      That Defendant, Erik D. Bolog ("Defendant Bolog"), is, and at all times relevant hereto, was an attorney licensed to practice law in Maryland, Virginia, and the District of Columbia.  Defendant Bolog served as a Trustee of the Whitewater Revocable Trust dated September 30, 2021, until Plaintiff Engelhorn amended and restated the Trust on November 3, 2022, thereby removing Defendant Bolog as a Trustee of the Whitewater Revocable Trust dated September 30, 2021.  Upon information and belief, Defendant Bolog resides at 9312 Chesley Road, Potomac, Maryland 20854.  Defendant Bolog is, and at all times relevant hereto was, the Trustee for the JAREB Irrevocable Trust Agreement Dated October 11, 2021.

6.      That Defendant, Whiteford, Taylor & Preston, LLP (hereinafter "Defendant WTP"), is, and at all times relevant hereto, was a limited liability partnership formed under the laws of the State of Maryland.  Defendant, Whiteford, Taylor & Preston, LLP operates as a law firm, with its principal place of business in Baltimore City, Maryland.  At all relevant times, Defendant WTP was the employer and/or the actual and/or apparent principal of Defendant Bolog and the other attorneys identified herein.  At all relevant times, Defendant Bolog and the other attorneys identified herein were the actual and/or apparent agents of WTP, and WTP made representations to this effect to the public, including Plaintiffs, who reasonably relied upon them.

4

7.    That, at all times relevant hereto, Defendant Bolog was a Senior Counsel and/or Partner with Defendant WTP.

8.    That Defendant, Michael Postal ("Defendant Postal"), is, and at all times relevant hereto, was a resident of Clinton, Maryland. Defendant Postal is a long-time friend of, business associate of, and client of Defendant Bolog. Defendant Postal has also been represented by Defendant WTP.

9.    That Defendant, POJO LaPlata, LLC ("Defendant POJO"), is, and at all times relevant hereto, was a limited liability company organized under the laws of Maryland. Defendant POJO is a forfeited entity.

10.    That Defendant, Darnestown Road, Inc. ("Defendant DRI"), is, and at all times relevant hereto was, an incorporated entity formed under the laws of the State of Maryland. The Maryland Department of Assessments and Taxation identifies the principal office of Darnestown Road, Inc. as being 8938 Abbey Terrace, Potomac, Maryland 20854, which is the former residential address for Defendant Bolog. Upon information and belief, Defendant Bolog, at all times relevant hereto, is and was an owner of Defendant DRI and also serves as its resident agent.

11.    That Defendant, Science Park Associates, LLC ("Defendant Science Park"), is, and at all times relevant hereto was, a limited liability company organized under Maryland law. Upon information and belief, Defendant Bolog, at all times relevant hereto, is and was a member of Science Park Associates, LLC.

12.    That Defendant, Swain Landing LaPlata JC, LLC ("Defendant Swain Landing") is, and at all times relevant hereto was, a limited liability company organized under Maryland law. Upon information and belief, the members of Defendant Swain Landing are as follows: (1) The Whitewater Revocable Trust dated September 30, 2021, as amended (50% owner); (2) Defendant

POJO (30% owner); and (3) Defendant Postal (20%). That the proposed operating agreement for Defendant Swain Landing identifies Defendant WTP's D.C. office located at 1800 M Street, Suite #450N, Washington, D.C. 20036, as its principal office and place of business; however, such proposed operating agreement apparently remains unsigned.

13.    That Defendant, Tenacity Investments, LLC ("Defendant Tenacity Investments, LLC") is, and at all times relevant hereto was, a limited liability company organized under Maryland law. Defendant Tenacity Investments, LLC is a forfeited entity.

## JURISDICTION AND VENUE

14.    That jurisdiction is proper pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501, § 6-102(a), and § 6-103(b)(1)-(5).

15.    That jurisdiction is also proper under Md. Code Ann., Est. & Trusts § 14.5-202.

16.    That venue is proper in Baltimore City, Maryland, under Md. Code Ann., Cts. & Jud. Proc. § 6-201(a), §6-201(b), and §6-202(8). To the extent that any of the Defendants are found to be nonresidents, then venue would also be proper under Md. Code Ann., Cts. & Jud. Proc. § 6-202(11).

17.    That this Honorable Court has jurisdiction to declare the parties' "rights, status, and other legal relations whether or not further relief is or could be claimed." Md. Code Ann., Cts. & Jud. Proc. § 3-403.

## FACTUAL BACKGROUND

18.    That, at all times relevant hereto, Defendant Bolog was an attorney licensed in Maryland, the District of Columbia, and Virginia, practicing law with Defendant WTP, and was a Senior Counsel and/or Partner at WTP.

19.    That Defendant WTP has a long-standing relationship with Defendant Bolog that comes in various forms, as Defendant Bolog has been one of the Senior Counsel and/or Partners at Defendant WTP, one of its clients, and one of its co-counsel.

20.    That Defendant WTP knew or should have known that Defendant Bolog has a financial history significant for failing to timely pay his debts, failing to timely pay his taxes, and converting monies for which he was not entitled, as evidenced by the following matters:

a.    The Harbor School Corporation sued Defendant Bolog in the District Court of Maryland for Montgomery County, arising from his failure to pay an $80.00 debt, which resulted in a judgment for $90.00 after the inclusion of a filing fee. *See* Case No.: 0602-0006927-2002.

b.    The State of Maryland filed a Certification of Assessment and Tax Lien under the Maryland Unemployment Law in the amount of $397.88 on January 26, 2006. *See* Case No.: 268674-V.

c.    The Law Offices of William Johnson sued My New Hampshire, LLC, Defendant Bolog, and Defendant Postal on November 23, 2009, in the United States Bankruptcy Court for the District of Columbia ("USDC Action"). That it was alleged in the USDC Action that Defendants Bolog and Postal had acquired shares of the Metropolitan Cooperative Association and became shareholders therein. It was further alleged that Defendants Bolog and Postal had become guarantors on a retainer agreement entered into by Metropolitan Cooperative Association, but that they failed to pay the sums allegedly due as guarantors. Defendants Bolog and Postal were represented by several attorneys from Defendant WTP in the USDC Action. The USDC Action appears to have resulted in a settlement.

7

     d.     The United States of America filed a Federal tax lien against Defendant Bolog in the Circuit Court for Montgomery County on March 15, 2010, in the amount of $7,218.00. *See* 87230F.

     e.     On or about March 21, 2013, James Westenhoefer, the Chapter 7 Trustee in *In Re Brenda Kay Brown* filed a Complaint sounding in fraud and other allegations against Defendant Bolog and The Bolog Firm in the United States Bankruptcy Court for the Eastern District of Kentucky, Pikesville Division ("EDK Action"). *See* Case No.: 13-07009. In that Complaint, Defendant Bolog was sued because he "wrongfully converted and transferred property of the [bankruptcy] Estate" to himself and others. Defendant Bolog and The Bolog Firm settled the claims against them. The Bolog Firm is a law firm that Defendant Bolog owned and operated before joining Defendant WTP.[1]

     f.     The Takoma Overlook Condominium Association, Inc. sued Defendants Bolog and Postal, among others, in the Circuit Court for Montgomery County, Maryland, on March 25, 2015. *See* 402700-V. Julianne E. Dymowski, Esquire of Defendant WTP, represented Messrs. Postal and Bolog in that matter.

     g.     Congressional Bank sued Erik and Debra Bolog in the matter of *Congressional Bank v. Debra Bolog, et al.*, on May 8, 2018, in the Circuit Court for Montgomery County. *See* Case No.: 447498.

---

[1] That, on or about January 13, 2014, Mr. Westenhoefer filed a separate Complaint, this time against Whiteford, Taylor & Preston, LLP. *See* Case No.: 14-07006-acs in the United States Bankruptcy Court for the Eastern District of Kentucky, Pikesville Division (EDK Action #2). In that Complaint, Mr. Westenhoefer alleged that Defendant Whiteford, Taylor & Preston, LLP had failed to disclose a known, ongoing relationship with Defendant Bolog. In that case, it was alleged that the Whiteford, Taylor & Preston, LLP had converted the Debtor's property and had engaged in other fraudulent activity. Mr. Westenhoefer sought for the Court to order Defendant WTP "to turn over immediately to the Trustee the $50,000.00 paid to Defendant WTP by the Debtor…" Ultimately, the Court entered an Order and Judgment Approving Settlement Agreement pursuant to Bankruptcy Rule 9019 wherein Whiteford, Taylor & Preston, LLP had a judgment entered against it for $50,000.00.

h.    American Express National Bank filed a lawsuit against Defendant Bolog for an unpaid debt in the amount of $16,081.54 on September 23, 2019, in the Superior Court of the District of Columbia, Case No.: 2019 CA 006319 C. American Express National Bank identified Defendant Bolog's address as being Defendant WTP's D.C. office, 1800 M Street, NW, #450N, Washington, DC 20036.

i.    American Express National Bank filed a separate lawsuit against Defendant Bolog seeking $74,491.64 on September 25, 2019, in the Superior Court of the District of Columbia, Case No.: 2019 CA 006316 C. American Express National Bank identified Defendant Bolog's address as being Defendant WTP's D.C. office, 1800 M Street, NW, #450N, Washington, DC 20036.

21.    That, after both Defendants Erik D. Bolog and Whiteford, Taylor & Preston, LLP settled the claims asserted against them in the EDK Action and EDK Action #2 for conversion and fraudulent activity, Defendant WTP brought Defendant Bolog on as an attorney at its firm, despite having express knowledge as to his financial issues and conversion of monies that did not belong to him and other fraudulent behavior.

22.    That, based on its representation of Defendant Bolog and publicly available information regarding Defendant Bolog's repeat failure to timely pay his debts and conversion of monies, Defendant WTP knew or should have known that Defendant Bolog would be at risk to misuse client funds and take other nefarious actions to raise monies to cover his fraudulent actions and address his financial distress. Defendant Bolog's failure to live within his means, satisfy his debts, and meet financial obligations were examples of his poor self-control, lack of judgment, and/or unwillingness to abide by rules and regulations, all of which should have alerted Defendant WTP as to the patent issues concerning Defendant Bolog's reliability, trustworthiness, and ability

9

to competently oversee the monies of clients and third parties. Defendant Bolog, as an individual who was financially overextended, was at greater risk of engaging in illegal or fraudulent acts to generate money.

23. That Defendant WTP not only knew or should have known of the risks associated with having Defendant Bolog oversee client monies, but it actually placed him in a position to misuse such monies and facilitated his doing so by drafting documents that made him a trustee for the two separate trusts identified herein.

**Fraudulent $10 Million "Gift"**

24. That Plaintiff Engelhorn retained Defendant WTP on an hourly fee basis to represent her with respect to a legal dispute.

25. That Defendant WTP assigned Defendant Bolog to work on Plaintiff Engelhorn's legal dispute and/or Defendant Bolog offered to do so, and Defendant WTP permitted him to do so.

26. That the legal dispute resulted in Plaintiff Engelhorn receiving a monetary settlement.

27. That Plaintiff paid Defendant WTP all of the undisputed fees and expenses due and owing with respect to its representation of her. There is no balance due and owing to Defendant WTP.

28. That the proceeds of the settlement arising from the legal dispute were wired to Defendant WTP's escrow account and/or Interest on Lawyers' Trust Account ("IOLTA").

29. That all three jurisdictions in which Defendant Bolog is licensed to practice law have certain prohibitions and restrictions against soliciting and/or receiving gifts from clients, as set forth below:

10

Maryland

An attorney shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the attorney or a person related to the attorney any substantial gift unless the attorney or other recipient of the gift is related to the client. For purposes of this section, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the attorney or the client maintains a close, familial relationship.

Md. Rule 19-301.8(c).

District of Columbia

A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer any substantial gift from a client, including a testamentary gift, except where the client is related to the donee. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close familial relationship.

D.C. Bar Appx. A, Rule 1.8(b).

Commonwealth of Virginia

A lawyer shall not solicit, for himself or a person related to the lawyer, any substantial gift from a client including a testamentary gift. A lawyer shall not accept any such gift if solicited at his request by a third party. A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer any substantial gift from a client, including a testamentary gift, unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, a person related to a lawyer includes a spouse, child, grandchild, parent, or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

Va. Sup. Ct. R. pt. 6, sec. II, 1.8(c).

30.    That, on September 9, 2021, MaryEllen Willman, Esquire of Defendant WTP, recorded a time entry that was billed by Defendant WTP to Plaintiff Engelhorn for drafting a "revocable trust." It is believed that Ms. Willman was billing for the drafting of the Whitewater Revocable Trust dated September 30, 2021.

11

31.    That, at or near this same time, Defendant Bolog and/or other attorneys at Defendant WTP coordinated the establishment of a bank account ending in 4855 in the name of Whitewater Revocable Trust Dated September 30, 2021, and used Defendant WTP's office located at 1800 M Street, NW, Suite 450N, Washington, DC 20036-5869 to receive account statements.

32.    That Defendant Bolog, Individually and as an agent or employee of Defendant WTP, coordinated the delivery of the settlement proceeds via wire to Defendant WTP's escrow and/or IOLTA.  On or about September 27, 2021, the settlement proceeds were wired to Defendant WTP's escrow and/or IOLTA.

33.    That, on or about September 30, 2021, Plaintiff Engelhorn, with the assistance of Defendant WTP, and its attorneys, established the Whitewater Revocable Trust dated September 30, 2021, and named Defendant Bolog as one of the Trustees.  Attorneys at Defendant WTP had drafted the Whitewater Revocable Trust dated September 30, 2021.

34.    That, on or about October 7, 2021, Defendant WTP wired approximately $11 million of the settlement proceeds to Plaintiff Engelhorn's personal Bank of America account and the remainder to the Plaintiff's Trust's savings account.

35.    That, on or about October 11, 2021, Defendant Bolog, with the assistance of other lawyers at Defendant WTP, established the JAREB Irrevocable Trust, with Plaintiff Engelhorn as the Grantor and Defendant Bolog as the Trustee, and to be governed by the laws of the State of Maryland.  That WTP charged Plaintiffs for their time drafting documents to establish the JAREB Irrevocable Trust or, at a minimum, recorded time entries for such services.  The JAREB Irrevocable Trust authorized Defendant Bolog, in his sole and absolute discretion as trustee, to distribute the net income and principal of this Trust to himself.  According to the terms of this Trust, at Defendant Bolog's death, the remaining trust property would be equally distributed to his

children. The JAREB Irrevocable Trust claimed that Plaintiff, as grantor, transferred and delivered $10 million to the JAREB Irrevocable Trust. That said funds were transferred from a bank account owned by Plaintiff Engelhorn.

36.     That, on or about October 11, 2021, Plaintiff Engelhorn was vacationing in Cape Code, Massachusetts, when Defendant Bolog arrived and advised her that he needed something signed. Defendant Bolog also stated that he needed the documents notarized, so he had Sarah Mayo arrive and notarize the documents. Defendant Bolog directed Plaintiff Engelhorn to sign numerous documents that were upside down. Unbeknownst to Plaintiff, Defendant Bolog tricked Plaintiff into signing the JAREB Irrevocable Trust Agreement dated October 11, 2021, a Notice of Gift for an irrevocable trust for Defendant Bolog's benefit and wire instructions to transfer money from Plaintiff's personal account to Defendant Bolog's irrevocable trust, *i.e.*, the JAREB Irrevocable Trust Agreement dated October 11, 2021. Defendant Bolog did not explain the documents to Plaintiff, did not offer her the opportunity to first read them, and lulled her into believing the documents concerned routine matters requiring her signature. Plaintiff Engelhorn trusted and relied on Defendant Bolog and, as a result, signed the documents. At the time Plaintiff signed these documents, she neither intended to give a gift to Defendant Bolog nor transfer any money to him or the JAREB Irrevocable Trust; she did not read the documents and was unaware that she was gifting or transferring $10 million to Defendant Bolog or the JAREB Irrevocable Trust at the time she signed the aforementioned documents.

37.     That Notice of Gift prepared by Defendant Bolog falsely represents that Defendant Bolog "begged" Plaintiff to retain independent counsel to provide her with independent legal advice with respect to the $10 million gift. The Notice of Gift is dated and signed on the same date, such that there would not have been an opportunity for Plaintiff, Claudia Engelhorn, while

on vacation, to consult with independent counsel had she even realized what she was signing on October 11, 2021.

38.     That Maryland Rule 19-301.8(c) provides that: "An attorney shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the attorney or a person related to the attorney any substantial gift unless the attorney or other recipient of the gift is related to the client. For purposes of this section, related persons include a spouse, child, grandchild, parent, grandparent, or other relative or individual with whom the attorney or the client maintains a close, familial relationship." That Maryland Rule 19-301.8(c) is conceptually the same as Rule 1.8 of the D.C. Rules of Professional Conduct. Defendant Bolog is not related to Plaintiff Engelhorn.

39.     That Plaintiff Engelhorn did not intend to give Defendant Bolog, his family, or the JAREB Irrevocable Trust a $10 million gift. Further, Defendant Bolog did not advise Plaintiffs Engelhorn and Trust to obtain independent counsel, and Plaintiffs Engelhorn and Trust did not retain independent counsel before signing the Notice of Gift, nor could they have.

40.     That, had Defendant Bolog explained to Plaintiff Engelhorn what she was actually signing, that it was a gift, and that she needed independent counsel, Plaintiff Engelhorn would have obtained such counsel. She would not have signed the documents, would have retained independent counsel, and would not have made a $10 million gift. After Plaintiff Engelhorn realized that Defendant Bolog had defrauded her into making a gift of $10M, Plaintiff Engelhorn sent an email on July 6, 2022, demanding a return of the monies. Defendant Bolog has refused to return the $10M to Plaintiffs Engelhorn and Trust.

41.     That Defendant Bolog knew the Notice of Gift, JAREB Irrevocable Trust, and wire instructions contained false statements, namely that Plaintiffs Engelhorn and Trust intended to

14

make a $10 million gift and transfer said funds to the JAREB Irrevocable Trust, or, at a minimum, he was recklessly indifferent to the truth, and Defendant Bolog made and used these false statements and documents for the purpose of defrauding Plaintiffs Engelhorn and Trust.

42.    That, as a result of the $10M transfer to the JAREB Irrevocable Trust, which Defendant Bolog falsely characterized as a gift, Plaintiff could be subjected to significant federal estate and gift taxes. Defendant Bolog failed to advise Plaintiff concerning these tax implications.

43.    That, as a direct and proximate result of Defendant Bolog's material misrepresentations and omissions, as described above, Defendant Bolog and/or the JAREB Irrevocable Trust Agreement Dated October 11, 2021, fraudulently obtained $10 million from Plaintiffs Engelhorn and Trust, thus causing Plaintiffs Engelhorn and Trust to suffer $10 million in damages, not to mention the loss of use of these funds.

44.    That, despite Plaintiff Engelhorn's written demand for a return of the $10 million, Defendant Bolog has refused to return the $10M to her or Plaintiff Trust.

45.    That, in addition to false or recklessly causing Plaintiff to make a $10 million transfer to him, Defendant Bolog caused the transfer of millions of dollars belonging to Plaintiffs to entities that he owned and/or were owned by his close friends, business associates, and/or clients.

### Fraud and Embezzlement by Science Park Associates, LLC

46.    All three jurisdictions in which Defendant Bolog is licensed have restrictions on attorneys entering into business transactions with clients.

47.    That, on or about June 5, 2009, Defendant Bolog executed a Loan and Security Agreement ("Loan Agreement") on behalf of Defendant Science Park as its managing member. As part of this Loan Agreement, the bank loaned Defendant Science Park approximately $5.5

million and, in exchange, the bank obtained a security interest, via a Deed of Trust, in a Greenbelt Property, a commercial building and real estate in Prince George's County, Maryland. Thereafter, the Deed of Trust was properly recorded in Prince George's County, Maryland. In addition to the Deed of Trust, on or about June 5, 2009, Defendant Bolog's company, Tenacity Investments, LLC, guaranteed the Loan Agreement.

48.    That on or about November 26, 2014, Defendant Bolog, on behalf of himself and as manager of Tenacity Investments, LLC, executed another guarantee related to the Loan Agreement between Defendant Science Park and the bank.

49.    That, upon information and belief, Defendant Bolog's company, Defendant Science Park, derived rental income from the Greenbelt Property.

50.    That, in or around March 2022, upon information and belief, Defendant Bolog drafted or caused to be drafted an "Assignment of Amended and Restated Deed of Trust, Security Agreement, and Assignment of Leases and Rents" ("March 2022 Assignment"). Under the terms of the March 2022 Assignment, the Plaintiff Trust was assigned and acquired the remaining debt on the Loan Agreement, namely, $4,655,765, and, in exchange, allegedly obtained a security interest via a Deed of Trust (the "March 2002 Deed of Trust"), in the Greenbelt Property. As a result of this transaction, Defendant Science Park's obligation to repay the commercial loan to the bank and the guaranty entered into by Tenacity Investments, LLC, as required by the Loan Agreement, was extinguished.

51.    That, on or about March 24, 2022, Defendant Bolog caused Plaintiff Trust's bank account to wire approximately $3,352,650 to the bank, consistent with the March 2022 Assignment.

16

52.     That, on or about March 24, 2022, upon information and belief, Defendant Bolog drafted or caused to be drafted an "Amendment to Amended and Restated Term Loan Promissory Note" (the "2022 Promissory Note") between Defendant Science Park and the Plaintiff Trust. Under the terms of the 2022 Promissory Note, among other terms, Defendant Science Park agreed to pay the Plaintiff Trust a monthly interest-only payment of $12,572.00, which it never did.

53.     That Defendant Bolog, who was Plaintiff Engelhorn's attorney and trustee of the Plaintiff Trust at the time of this transaction, covered up and concealed his ownership interest in Defendant Science Park from Plaintiff Engelhorn, contrary to his ethical and fiduciary duties as Plaintiff Engelhorn's attorney and contrary to his fiduciary duties as trustee of the Plaintiff Trust. Further, based on information and belief, Defendant Bolog failed to record the March 2002 Deed of Trust to the legal and financial detriment of the Plaintiff Trust.

54.     That, after the 2022 Promissory Note was executed between Defendant Science Park and the Plaintiff Trust, Defendant Science Park failed to make any monthly payments to the Plaintiff Trust.

55.     That, on or about April 19, 2023, Defendant Science Park sold the Greenbelt Property to Prince George's County for $5,545,820.

56.     That Defendant Bolog failed to disclose Defendant Science Park's sale of the Greenbelt Property to Plaintiff Engelhorn and Plaintiff Trust, contrary to his ethical and fiduciary duties as Plaintiffs' attorney and contrary to his fiduciary duties as trustee of the Trust.

57.     That, on or about March 23, 2022, Heidi Aviles of Shore United Bank sent a letter to Defendant Science Park, care of Defendant Bolog at Whiteford, Taylor & Preston, LLP's Washington, D.C. office, identifying the payoff on the Greenbelt property as being $3,352,650.32.

17

58.     That, on or about November 3, 2022, Plaintiff Engelhorn amended the Plaintiff Trust to remove Defendant Bolog as a Trustee.

59.     That, on or about April 27, 2023, Alexandra L. Neifert, Esquire of Defendant WTP, wrote an email stating that the payoff for the Trust was $3,689,662.77.

60.     That, in or around this time, the Plaintiff Trust learned about the sale of the Greenbelt Property and demanded Defendant Bolog to repay Defendant Science Park's obligation under the 2022 Promissory Note.  As a result of this demand, the Plaintiff Trust was paid $3,689,662.77 from the sales proceeds.

61.     That the Plaintiffs had not received any mortgage payments or assignment of rent payments as of the time of the sale in April 2023, such that they lost out on the use of these monies.

### Embezzlement of $350,000: Darnestown Road, Inc. Scheme

62.     That, on or about December 21, 2021, Defendant Bolog, as trustee of the Plaintiff Trust and Senior Counsel at Defendant WTP, directed the Plaintiff Trust's bank—via his email account at Defendant WTP—to wire $350,000 to Darnestown Road, Inc.

63.     That, on or about December 21, 2021, as a result of Defendant Bolog's wire instructions, approximately $350,000 was wired from the Plaintiff Trust's bank account to Darnestown Road, Inc.'s bank account.

64.     That, upon information and belief, Defendant Bolog was an officer of and maintained an ownership interest in Darnestown Road, Inc. at the time of the wire transfer.

65.     That Defendant Bolog neither obtained anything of value in return for the Plaintiff Trust, such as stock or debt security, nor any instrument securing the Plaintiff Trust's right to repayment in exchange for this $350,000 payment to Darnestown Road, Inc., and he covered up, concealed, and failed to disclose his interest in this company before authorizing the transaction

and further failed to conceal that these monies were used to replace funds that he had embezzled from Darnestown Road, Inc., contrary to his ethical and fiduciary duties as Plaintiffs' attorney and contrary to his fiduciary duties as trustee of the Plaintiff Trust.

66.    That the Plaintiff Trust has never been repaid these monies.

67.    That, as a direct and proximate result of Defendant Bolog's material misrepresentations and omissions, as described above, Defendant Bolog fraudulently obtained $350,000 from the Plaintiff Trust, thus causing the Plaintiff Trust to suffer $350,000.00 in damages.

### Embezzlement of $585,000: Swain Landing Scheme

68.    That Defendant Postal is a long-time business associate of Defendant Bolog's and a former client of Defendants WTP and Bolog, as Defendant WTP represented Mr. Postal in the USDC action and Defendant Bolog represented Mr. Postal in the matter of *Postal v. Somerset House Condominium Unit Owners Association, et al.*, which was filed on or about August 31, 2020, in the Superior Court of the District of Columbia.

69.    That, in or around January 5, 2022, Plaintiff Engelhorn sold a home located at 747 High Point Ridge Road, Franklin, Tennessee, which resulted in her having $1,334,737.58 deposited into a Bank of America account ending in 3122. An entity owned by Plaintiff Engelhorn, White Pearl, LLC, was the account owner of the account ending in 3122. Defendant Bolog knew that Plaintiff Engelhorn realized these monies from the sale of her home.

70.    That, on or about January 5, 2022, Defendant Postal emailed Defendant Bolog, stating "$585,000" and including Defendant Swain Landing's account and routing numbers.

71.    That Defendant Postal, as the managing member and an owner of Defendant Swain Landing, was a long-time business partner with Defendant Bolog and his former client.

19

72.    That on or about January 5, 2022, Defendant Bolog emailed Plaintiff White Pearl, LLC's bank, stating White Pearl, LLC "is making a $585,000 transfer from White Pearl, LLC to the account set forth below [Swain Landing], relating to a real estate investment."

73.    That, on or about January 6, 2022, $585,000.00 was transferred from the account ending in 3122 to an account maintained by Defendant Swain Landing.

74.    That Defendant Bolog neither obtained anything of value in return for White Pearl, LLC, such as stock or debt security, nor any instrument securing White Pearl, LLC's right to repayment in exchange for this $585,000 payment to Defendant Swain Landing, and he covered up, concealed, and failed to disclose his interest in this company and/or his connection to its members before authorizing the transaction, contrary to his ethical and fiduciary duties. Defendant Bolog willfully and, with reckless disregard, failed to make reasonable efforts to verify facts relevant to a purported investment between Defendant Swain Landing and NVR Homes.

75.    That Plaintiffs have never been repaid these monies.

76.    That, as a direct and proximate result of Defendant Bolog's material misrepresentations and omissions, as described above, Defendant Bolog fraudulently caused $585,000 to be transferred to Defendant Swain Landing from White Pearl, LLC, thus causing Plaintiff White Pearl to suffer $585,000 in damages.

## CAUSES OF ACTION

### COUNT I – FRAUD

(Plaintiff Engelhorn v. Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021 and Defendant WTP)

77.     That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

78.     That, beginning in or about early October 2021, Defendant Bolog intentionally defrauded Plaintiff Engelhorn by embezzling and misappropriating $10 million belonging to Plaintiff Engelhorn by making and using false statements, documents, and misrepresentations.

79.     That Defendant Bolog tricked and deceived Plaintiff Engelhorn by lulling her into believing that she was signing routine legal documents, whereas she was signing a Notice of Gift, the JAREB Irrevocable Trust Agreement Dated October 11, 2021, and wire instructions, which documents affected a transfer of $10 million to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, by misrepresenting they were routine matters requiring her signature.

80.     That, unbeknownst to Plaintiff Engelhorn, at the time, these documents falsely represented that Plaintiff Engelhorn desired to make a $10 million gift to Defendant Bolog and directed the transfer of said funds to the JAREB Irrevocable Trust Agreement Dated October 11, 2021. At the time Defendant Bolog made, presented to Plaintiff, and used these documents to transfer the $10 million from Plaintiff's bank account to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, he was her attorney, not related to her, and knew these documents contained these false statements and misrepresentations or he made them with reckless indifference to truth.

81.     That Defendant Bolog made these misrepresentations for the purpose of defrauding Plaintiff Engelhorn.

82.    That Plaintiff Engelhorn justifiably and reasonably relied on Defendant Bolog's misrepresentations and had the right to rely upon them with full belief of their truth. Plaintiff Engelhorn would not have transferred $10 million to Defendant Bolog or the JAREB Irrevocable Trust Agreement Dated October 11, 2021, if Defendant Bolog had not made these misrepresentations.

83.    That, as a direct and proximate consequence of Defendant Bolog's misrepresentations, as set forth above, $10 million was wired from Plaintiff Engelhorn's personal bank account to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, causing Plaintiff Engelhorn to suffer at least $10 million in damages.

**WHEREFORE,** Plaintiff Engelhorn demands judgment against Defendants Bolog and WTP, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT II – NEGLIGENT HIRING AND RETENTION
(Plaintiffs v. Defendant WTP)

84.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

85.    That Defendant WTP had a duty to use reasonable care to select attorneys to work with it who were competent and fit to perform the duties of an attorney. That Defendant WTP had a duty to ensure that it retained counsel that were fit for their duties and that there were measures in place to give reasonable assurance that attorneys, such as Defendant Bolog, were conforming to the applicable Rules of Professional Conduct and not otherwise scheming to defraud their clients. Defendant WTP had actual knowledge as to Defendant Bolog's financial issues and conversion of monies. A reasonable and prudent employer would not have ignored such

22

indications of Defendant Bolog's unfitness for such duties as acting as a Trustee on a client's trust and representing a client wherein the attorney would have oversight of client funds. Defendant WTP knew or should have known that Defendant Bolog would be likely to interact with and represent clients of the firm. Plaintiffs were members of the public who would foreseeably come into contact with Defendant Bolog based on his employment or agency with Defendant WTP. Therefore, Defendant WTP owed such duties to Plaintiffs, and such duties were breached.

86.    That Defendant WTP knew or should have known that Defendant Bolog was routinely in financial distress and had a propensity to misuse and/or convert the funds of clients' funds for his own benefit, particularly since Defendant Bolog and Defendant WTP had previously engaged in such nefarious behavior together. Because of Defendant Bolog's financial woes and conversion of monies belonging to another, the likelihood of the risk of his stealing from a client, such as Plaintiffs, was foreseeable. Defendant WTP knew, or should have known, that Defendant Bolog was not competent or fit for the duties of an attorney, trustee, or other representative of its firm interacting with clients. Defendant WTP breached its duty to use reasonable care to select an employee that was competent and fit for the position.

87.    That, as a direct and proximate result of Defendant WTP's negligence in hiring and retaining Defendant Bolog, Plaintiffs were injured and damaged as alleged.

88.    That Defendant WTP made no attempt to oversee Defendant Bolog's handling of Plaintiffs' monies, to alert Plaintiffs as to Defendant Bolog's history of converting client funds, or to otherwise mitigate the damage that Defendant Bolog's conversion of Plaintiffs' funds could have on Plaintiffs.

89.    That Defendant WTP's negligence was the proximate cause of the Plaintiffs' injuries and damages. But for Defendant WTP's negligence and breach of the standard of care,

the Plaintiffs would not have worked with or continued to work with Defendant Bolog, or allowed Defendant Bolog to have access to their monies, such that he would not have been placed in the position of executing a fraudulent, Notice of Gift and other documents.

90.    That Plaintiffs did not cause or contribute to the injuries complained of herein.

WHEREFORE, Plaintiffs demand judgment against Defendant WTP, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of this action, and such further relief as this Court deems appropriate.

### COUNT III – FRAUD
(Plaintiff Trust v. Defendant Bolog and Defendant WTP)

91.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

92.    That, in or around March 2022, Defendant Bolog. individually and on behalf of Tenacity Investments, LLC, caused the Plaintiff Trust to acquire Defendant Science Park's $4,655,765 debt.

93.    That, after the Plaintiff Trust acquired Defendant Science Park's debt, Defendant Bolog apparently sold the Greenbelt Property for $5,545,820.

94.    That, as a result of having this confidential and fiduciary relationship with Plaintiff Engelhorn and the Plaintiff Trust, Defendant Bolog had a duty to disclose certain material facts to Plaintiff Trust before the transaction; namely, he was a principal of Defendant Science Park and had a financial interest in the transaction or, alternatively, that he had an interest in the entities encumbered by the original debt, such as Tenacity Investments, LLC. Defendant Bolog also had a duty to disclose to Plaintiff Trust that Defendant Science Park had sold the Greenbelt Property, the security interest of the Trust.

95.     That Defendant Bolog intentionally failed to disclose his actual knowledge that he was a principal of Defendant Science Park and had a financial interest in the transactions involving Defendant Science Park.

96.     That had Defendant Bolog truthfully disclosed and not deliberately concealed from Plaintiff his relationship and financial interest in Defendant Science Park, Plaintiff would not have acquired and assumed Defendant Science Park's significant debt.

97.     That, as a direct and proximate consequence of Defendant Bolog's fraudulent acts and omissions, as set forth above, Plaintiff Trust lost the use of its funds, failed to receive mortgage payments, and suffered other damages, as described herein.

**WHEREFORE,** Plaintiff Trust demands judgment against Defendant Bolog and Defendant WTP, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT IV - FRAUD
(Plaintiff Trust v. Defendant Bolog and Defendant WTP)

98.     That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

99.     That, beginning in or about December 2021, Defendant Bolog defrauded the Plaintiff Trust by embezzling and misappropriating approximately $350,000 belonging to the Trust.  To cover up and conceal his scheme to defraud, Defendant Bolog intentionally concealed material facts from Plaintiff Trust that he had an affirmative duty to disclose as the lawyer for Plaintiff Engelhorn and the Trustee of the Plaintiff Trust.

100.    That Defendant Bolog, as trustee of the Plaintiff Trust, caused the Plaintiff Trust to wire $350,000 from its account to Defendant Darnestown Road, Inc.'s account.

25

101.    That, as a result of his fiduciary relationship with Plaintiff Engelhorn and the Plaintiff Trust, Defendant Bolog had a duty to disclose certain material facts to Plaintiffs before the transaction, namely, he was a principal of Defendant Darnestown Road, Inc. and had a financial interest in the transaction.

102.    That Defendant Bolog intentionally failed to disclose his actual knowledge that he was a principal of Defendant Darnestown Road, Inc. and had a financial interest in the transaction.

103.    That, had Defendant Bolog truthfully disclosed and not deliberately concealed from Plaintiffs Engelhorn and the Trust his relationship and financial interest in Defendant Darnestown Road, Inc., Plaintiffs would not authorized the transfer of $350,000 to Defendant Darnestown Road, Inc.

104.    That, as a direct and proximate consequence of Defendant Bolog's fraudulent concealment, as set forth above, Plaintiffs suffered damages of at least $350,000.

WHEREFORE, Plaintiff Trust demands judgment against Defendant Bolog and Defendant WTP, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT V - FRAUD
(White Pearl, LLC v. Defendant Bolog and Defendant WTP)

105.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

106.    That Plaintiff Engelhorn sold a home located in Franklin, Tennessee, and deposited her proceeds into the bank account for an entity that she solely owned, Plaintiff White Pearl, LLC.

107.    That, on or about December 29, 2021, Defendant Bolog defrauded Plaintiffs by embezzling and misappropriating approximately $585,000 belonging to White Pearl, LLC.

26

108.    That Defendant Bolog caused White Pearl, LLC to wire $585,000 from its account to Defendant Swain Landing's account.

109.    That, as a result of his fiduciary relationship with Plaintiff Engelhorn and the Plaintiff Trust, he had a duty to disclose certain material facts to Plaintiffs before the transaction, namely, that he was a member of Defendant Swain Landing and had a financial interest in the transaction or, at a minimum, it was an entity owned and operated by his close, business colleague, Defendant Postal.

110.    That Defendant Bolog intentionally failed to disclose his actual knowledge that he was a member of Defendant Swain Landing and had a financial interest in the transaction or, at a minimum, Defendant Swain Landing was an entity owned and operated by his close, business colleague, Defendant Postal.

111.    That, had Defendant Bolog truthfully disclosed and not deliberately concealed from Plaintiffs his relationship and financial interest in Defendant Swain Landing, Plaintiffs would not authorized a transfer of $585,000 to Defendant Swain Landing.

112.    That, as a direct and proximate consequence of Defendant Bolog's fraudulent concealment, as set forth above, Plaintiff White Pearl, LLC suffered damages of at least $585,000.

WHEREFORE, Plaintiff, White Pearl, LLC, demands judgment against Defendant Bolog and Defendant WTP, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT VI – LEGAL MALPRACTICE/NEGLIGENCE
(Plaintiffs v. Defendants Bolog and WTP)

113.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

114.    That, at all times relevant to this Complaint, Plaintiff Engelhorn and Plaintiff Trust maintained an attorney-client relationship with Defendants Bolog, Defendant WTP, and other lawyers at Defendant WTP.  That attorneys at Defendant WTP entered time entries for working on the following matters ostensibly on behalf of Plaintiffs, but which were really for the purpose of creating and establishing Defendant Bolog's JAREB Irrevocable Trust:

      a.    On October 5, 2021, Shane D. Smith, Esquire of Defendant WTP, recorded a time entry for "draft[ing] of irrevocable trust agreement," *i.e.*, the JAREB Irrevocable Trust Agreement Dated October 11, 2021;

      b.    On October 5, 2021, MaryEllen Willman, Esquire of Defendant WTP, recorded a time entry for: "Drafted springing power of attorney and transmitted to E. Bolog; Responded to emailed questions regarding estate planning documents."

      c.    On October 6, 2021, David J. Baker, Esquire of Defendant WTP, entered a time entry for: "Prepare Form SS-4 and 3rd Party Authorization Forms to obtain EIN for Irrevocable Trust."

      d.    On October 6, 2021, Mr. Smith entered time for: "Finalize Draft of Irrevocable Trust; Forward Same to Ms. Willman."

      e.    On October 6, 2021, Ms. Willman entered time for: "Reviewed Irrevocable Trust Prepared by Shane Smith; Emailed Trust to E. Bolog; Drafting Springing General Durable Power of Attorney."

      f.    On October 7, 2021, Mr. Bolog entered time for: "Send Trust Agreement to Bank of America to Confirm Form is Acceptable to BOA."

28

115.    That, as a result of the attorney-client relationship between Plaintiff Engelhorn and Plaintiff Trust, Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman, owed duties to them to exercise care and skill to comply with the accepted and reasonable standards of care for performing such services.  Further, Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman owed Plaintiff Engelhorn and Trust the following duties, among others, to Plaintiff Engelhorn and Plaintiff Trust: (a) the duty of competent representation; (b) the duty of conflict-free representation, including the prohibition against soliciting any substantial gift from a client; (c) the duty to refrain from entering into a business transaction with a client; (d) the duty to meaningfully communicate by explaining matters to Plaintiffs insofar as reasonably necessary to permit Plaintiffs to make informed decisions regarding the representation; and (e) to otherwise act in accordance with the standard of care.

116.    That Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman failed to comply with the standards of care and failed to competently represent Plaintiff Engelhorn and Plaintiff Trust.

117.    That Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman failed to exercise a reasonable degree of care and skill in the performance of their duties.

118.    That Defendant Bolog, Mr. Smith, Mr. Baker, and/or Ms. Willman negligently breached their legal duties to Plaintiff Engelhorn and Trust by, among other ways:

    a.    Failing to advise Plaintiff Engelhorn that she could owe gift taxes on the alleged $10M gift;

    b.    Failing to advise Plaintiff Engelhorn that, in lieu of paying the gift taxes, she would have to use most of her lifetime exemption up if the $10M

transfer was a gift, which would mean anything in her estate over the
lifetime exemption amount is subject to a 40% tax;

c.      Drafting the JAREB Irrevocable Trust Agreement Dated October 11, 2021,
and/or the document(s) that lead to the formation of the JAREB Irrevocable
Trust Agreement Dated October 11, 2021, and the transfer of the $10M to
the JAREB Irrevocable Trust Agreement Dated October 11, 2021;

d.      Failing to ensure that Plaintiffs Engelhorn intended to transfer $10M to the
JAREB Irrevocable Trust Agreement Dated October 11, 2021;

e.      Causing the transfer of $10M to the JAREB Irrevocable Trust Agreement
Dated October 11, 2021;

f.      Engaging in transactions on behalf of Plaintiffs in matters for which
Defendant Bolog maintained a financial interest or stood to benefit and in
which Defendant Bolog knew or reasonably should have known that his
personal financial and business interests were adverse to the object of
representation, yet failing to disclose his personal interests or obtaining
Plaintiffs' consent; and

g.      Undertaking and maintaining representation of Plaintiffs and failing to
competently conduct any due diligence related to the investment of
Plaintiffs' money.

119.    That Plaintiffs have collectively suffered damages of at least $10M as a direct and
proximate result of the breach of the legal duties by Defendant Bolog, Mr. Smith, Mr. Baker, and
Ms. Willman.

120.    That, at all times relevant hereto, Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman were acting on behalf of Defendant WTP and/or in furtherance of Defendant WTP's business interests.

WHEREFORE, Plaintiffs demand judgment against Defendants Bolog and WTP for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of this action, and such further relief as this Court deems appropriate.

### COUNT VII – BREACH OF FIDUCIARY DUTY
(Plaintiffs v. Defendant Bolog and Defendant WTP)

121.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

122.    That, as Plaintiff Engelhorn's lawyer and as trustee to the Trust, Defendant Bolog stood in a fiduciary relationship to Plaintiff Engelhorn by way of the attorney-client relationship and the Trust.

123.    That Defendant Bolog breached his fiduciary duties by, among other ways: (a) Soliciting and preparing a Notice of Gift for $10,000,000.00; (b) Engaging in self-dealing and wrongfully causing the Trust to acquire Defendant Science Park's $4,655,765 debt, a transaction in which Defendant Bolog had a financial interest; (c) Failing to record the Trust's security interest in the Greenbelt Property; (d) Transferring $350,000 from the Trust for the benefit of a company, namely, Darnestown Road, Inc., in which he had a financial interest, and failing to disclose it; (e) failing to secure anything of value for the $350,000; and (f) Causing White Pearl, LLC to transfer $585,000 to Swain Landing without conducting any due diligence related to this purported investment; and failing to disclose the principal of Swain Landing – Michael Postal - was his long-time friend, business partner, and client.

124.    That Plaintiffs have suffered damages in excess of $10M due to Defendant Bolog's breach of his fiduciary duties.

WHEREFORE, Plaintiffs demand judgment against Defendant Bolog and Defendant WTP, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT VIII – RESCISSION OF GIFT
(Plaintiff Engelhorn v. Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021)

125.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

126.    That Defendant Bolog, as Plaintiff Engelhorn's attorney, owed a duty to Plaintiff Engelhorn to provide accurate and truthful information to Plaintiff Engelhorn and to explain the legal effect of Plaintiff Engelhorn signing the documents that caused the $10 million transfer from Plaintiff Engelhorn's account to the JAREB Irrevocable Trust—namely, the Notice of Gift, wire instructions, and JAREB Irrevocable Trust Agreement.

127.    That Defendant Bolog caused Plaintiff Engelhorn to transfer $10 million to the JAREB Irrevocable Trust through fraud and intentional misrepresentations.

128.    That, as a direct and proximate result of Defendant Bolog's fraud and intentional misrepresentations, at the time Plaintiff Engelhorn signed the documents that caused the transfer of $10 million to the JAREB Irrevocable Trust, Plaintiff Engelhorn believed she was signing routine legal documents.  As a result of Defendant Bolog's words and deeds, Plaintiff was misled concerning the nature of the said documents and their legal effect.

129.    That Plaintiff has demanded that Defendant Bolog return the $10 million, which demand Defendant Bolog has refused to do.

130.    That it would be unconscionable for Defendant Bolog to be permitted to retain the funds at issue, *i.e.*, $10 million.

131.    That, as a direct and proximate result of Defendant Bolog's fraud and misrepresentations, Plaintiff is entitled to rescind the $10 million "gift" that Defendant Bolog engineered for his benefit and the benefit of his children and to recover all monies paid to Defendant Bolog.

WHEREFORE, Plaintiff Engelhorn demands that the Notice of Gift be rescinded and to award to her the return of all monies paid by Plaintiff Engelhorn to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, with interest and costs.

### COUNT IX – CONSTRUCTIVE TRUST
(Plaintiff Engelhorn v. JAREB Irrevocable Trust Agreement dated October 11, 2021)

132.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

133.    That Defendant Bolog fraudulently caused $10 million of Plaintiff Engelhorn's money to be transferred to the JAREB Irrevocable Trust Agreement dated October 11, 2021.

134.    That Defendant Bolog represented Plaintiff Engelhorn and owed her a fiduciary duty as counsel.  Defendant Bolog breached his fiduciary duties by causing, permitting, facilitating, or otherwise allowing Plaintiff Engelhorn's money to be transferred to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, for Defendant Bolog and his children's own personal benefit.

135.   That, under the principles of equity and good conscience, Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021, should not be permitted to retain any of Plaintiff Engelhorn's funds transferred by Defendant Bolog to JAREB Irrevocable Trust Agreement Dated October 11, 2021.

136.   That the JAREB Irrevocable Trust Agreement Dated October 11, 2021, has been unjustly enriched by obtaining said monies, which property rightfully belongs to Plaintiff Engelhorn.

137.   That Plaintiff Engelhorn seeks an accounting for all funds in the possession of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, since October 1, 2021, and the imposition of a constructive trust on all money transferred from Plaintiff Engelhorn's account to Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021.  In the alternative, Plaintiff requests that all such sums should be disgorged.

WHEREFORE, Plaintiff Engelhorn demands that this Honorable Court: (a) Charge upon Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021, a constructive trust for the benefit of Plaintiff; (b) Order Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021 to convey all of its right, title, and interest in said monies to Plaintiff, free of all liens, mortgages, or other encumbrances; and (c) Grant such other and further relief as the Court may claim to be necessary and proper.

### COUNT X – CONSTRUCTIVE TRUST
(Plaintiff Engelhorn v. Defendant Darnestown Road)

138.   That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

139.   That Defendant Bolog fraudulently caused $350,000.00 of Plaintiff Engelhorn's money to be transferred to Defendant Darnestown Road.

140. That Defendant Bolog represented Plaintiff Engelhorn and owed her a fiduciary duty as counsel. Defendant Bolog breached his fiduciary duties by causing, permitting, facilitating, or otherwise allowing Plaintiff Engelhorn's money to be transferred to Defendant Darnestown Road.

141. That, under the principles of equity and good conscience, Defendant Darnestown Road should not be permitted to retain any of Plaintiff Claudia Engelhorn's funds transferred by Defendant Bolog to Defendant Darnestown Road.

142. That Defendant Darnestown Road has been unjustly enriched by obtaining said monies, which property rightfully belongs to Plaintiff.

143. That Plaintiff Engelhorn seeks the imposition of a constructive trust on all money transferred from her account to Defendant Darnestown Road. In the alternative, Plaintiff Engelhorn requests that all such sums should be disgorged.

WHEREFORE, Plaintiff Engelhorn demands that this Honorable Court: (a) Charge upon Defendant Darnestown Road, Inc. a constructive trust for the benefit of Plaintiff; (b) Enter a monetary judgment against Defendant Darnestown Road for an amount in excess of $75,000; and (c) Grant such other and further relief as the Court may claim to be necessary and proper.

## COUNT XI – CONSTRUCTIVE TRUST
(Plaintiff White Pearl, LLC v. Defendant Swain Landing LaPlata JC, LLC)

144. That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

145. That Defendant Bolog fraudulently caused $585,000.00 of Plaintiff White Pearl, LLC's money to be transferred to Defendant Swain Landing.

146. That Defendant Bolog represented Plaintiff Engelhorn and owed her a fiduciary duty as counsel. Defendant Bolog breached his fiduciary duties by causing, permitting,

facilitating, or otherwise allowing the proceeds from Plaintiff Engelhorn sale of her Franklin, Tennessee home, which were deposited into White Pearl, LLC's account, to be transferred to Defendant Swain Landing.

147.    That, under the principles of equity and good conscience, Defendant Swain Landing should not be permitted to retain any of Plaintiff White Pearl, LLC's funds transferred by Defendant Bolog to Defendant Swain Landing.

148.    That Defendant Swain Landing has been unjustly enriched by obtaining said monies, which property rightfully belongs to Plaintiff.

149.    That Plaintiff White Pearl, LLC seeks the imposition of a constructive trust on all money transferred from its account to Defendant Swain Landing.  In the alternative, Plaintiff White Pearl, LLC requests that all such sums should be disgorged.

WHEREFORE, Plaintiff, White Pearl, LLC, demands that this Honorable Court: (a) Charge upon Defendant Swain Landing LaPlata JC, LLC a constructive trust for the benefit of Plaintiff; (b) Enter a monetary judgment against Defendant Darnestown Road for an amount in excess of $75,000; and (c) Grant such other and further relief as the Court may claim to be necessary and proper.

## COUNT XII – AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY
(Plaintiff White Pearl, LLC v. Defendant Postal)

150.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

151.    That Defendant Postal aided and abetted Defendant Bolog in breaching his fiduciary duties owed to the Plaintiffs.

152.    That Defendant Bolog owed to Plaintiffs certain fiduciary duties as set forth above.

153.    That, by committing the acts alleged herein, Defendants Bolog breached his fiduciary duties to Plaintiffs.

154.    That Defendant Postal colluded in or aided and abetted Defendant Bolog's breach of his fiduciary duties and was an active and knowing participant in Defendant Bolog's breach of fiduciary duties owed to Plaintiffs.

155.    That Defendant Postal participated in the breach of the fiduciary duties by Defendant Bolog for the purpose of advancing his own interests. Defendant Postal obtained and will obtain both direct and indirect benefits from colluding or aiding and abetting the breaches by Defendant Bolog, as the monies taken from Plaintiff White Pearl, LLC were used to pay down the purchase price of the real property owned by Defendant Swain Landing. Defendant Postal will specifically benefit, among other things, from the acquisition of real property for an entity he owns without any meaningful financial contribution by him or said company.

156.    Plaintiffs have been irreparably injured as a direct and proximate result of the aforementioned acts.

WHEREFORE, Plaintiff White Pearl, LLC demands injunctive relief and compensatory damages, in its favor and against Defendant Postal as follows:

A.    Entering a judgment for $585,000.00 in compensatory damages, plus prejudgment interest;

B.    Imposition of a constructive trust in favor of Plaintiff upon any benefits improperly received by Defendant Postal as a result of his wrongful conduct;

C.    Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

D.    Granting such other and further equitable relief as deemed just and proper.

## COUNT XIII – PETITION FOR DISSOLUTION & LIQUIDATION - STATUTORY UNDER CORPS. & ASSOC. 4A-903, ET SEQ.)

(Whitewater Revocable Trust dated September 30, 2021, as amended and White Pearl, LLC v. Defendants Bolog, Postal, POJO, and Swain Landing)

157.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

158.    That, based on Plaintiff Trust's rights as a member in liquidation and dissolution-related matters, the nefarious condition under which the Plaintiff Trust became a member, and coupled with the fraudulent matters described herein, Plaintiff Trust hereby petitions the Court to order the liquidation of Defendant Swain Landing and otherwise seeks to pursue its rights and claims as permitted under Maryland law.

WHEREFORE, Plaintiff Trusts requests that this Court enter an Order:

a.    Requiring the judicial dissolution of Defendant Swain Lnading, the winding up of its affairs, and the distribution of its assets (including the sale of Defendant Swain Landing and/or its assets so that Plaintiff White Pearl, LLC's payment of $585,000.00 can be reimbursed in full);

b.    Holding Defendants Bolog, Postal, and Swain Landing liable, jointly and severally, for reimbursement of Plaintiff Trusts's attorney's fees and cost and all professional fees incurred in carrying out the remedies so ordered; and

c.    Awarding damages from Defendants Bolog, Postal, and Swain Landing, jointly and severally, for $585,000.00, plus prejudgment interest, so that White Pearl, LLC can be and is repaid in full.

### COUNT XIV – PETITION SEEKING LIQUIDATION AND DISSOLUTION OF DEFENDANT SWAIN LANDING AND APPOINTMENT OF RECEIVER OR SPECIAL FISCAL AGENT (OR FOR THE COURT TO FASHION ALTERNATIVE EQUITABLE REMEDIES) AT COMMON LAW

(Plaintiffs Trust and White Pearl, LLC v. Defendants Bolog, Postal, POJO, and Swain Landing)

159.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

160.    That Defendant Bolog, as set forth herein, had acted oppressively and/or illegally and/or fraudulently toward Plaintiff Trust during a period when he owed fiduciary duties to Plaintiff Trust, thereby threatening the interests of Plaintiff.    That, but for Defendant Bolog misleading Plaintiff Engelhorn and/or otherwise defrauding her, Plaintiff Trust would never have become a member of Defendant Swain Landing.

161.    That, under such circumstances, Plaintiff may obtain a judicially mandated liquidation and dissolution of Defendant Swain Landing.

162.    That, pending such dissolution or alternatively, for the reasons set forth above, Plaintiff Trust may request that this Court appoint a receiver to take control of Defendant Swain Landing and oversee the operation of the business and its finances for such a period of time to allow for an accounting for the benefit of Plaintiff Trust and Plaintiff White Pearl, LLC and to carry out a sale of the business to ensure full payoff of Plaintiff White Pearl, LLC's contribution in the amount of $585,000.00.

WHEREFORE, Plaintiffs Trust and White Pearl, LLC hereby petition this Honorable Court seeking liquidation and dissolution of Defendant Swain Landing (and/or sale thereof) and seeking the appointment of a receiver or special fiscal agent to oversee the current day-to-day operations of Defendant Swain Landing; or alternatively, for this Honorable Court to fashion alternative equitable remedies including for this Honorable Court to require Defendants Bolog, Postal, and Swain Landing, jointly and severally, to repay Plaintiff White Pearl, LLC $585,000.00,

plus prejudgment interest; specifically, Plaintiffs Trust and White Pearl, LLC pray that this Honorable Court enter an Order:

      a.      Effectively undoing any misappropriations or requiring reimbursement thereof, and voiding the transfer of control of Defendant Swain Landing to any third-party and/or in any event authorizing the judicial dissolution of Defendant Swain Landing, the winding up of its affairs, and the distribution of its assets (including, if this Honorable Court so considers, the sale Defendant Swain Landing as a going concern so that Plaintiff White Pearl, LLC can be and is paid off in full); and/or

      b.      Pending such dissolution or alternatively, appointing a receiver or special fiscal agent to oversee the business affairs of Defendant Swain Landing during the pendency of these proceedings; (a) authorizing and empowering the said receiver or special fiscal agent to take any and all actions deemed necessary and proper to manage and protect the value of Defendant Swain Landing during the dissolution; (b) authorizing and empowering the said receiver or special fiscal agent to hire such accountants, appraisers, business brokers and such other related agents or contractors as he/she may deem necessary to protect and preserve the value of Defendant Swain Landing for the benefit of creditors including, but not limited to, Plaintiff White Pearl, LLC, all at the cost of Defendants Bolog, Postal, and Swain Landing, jointly and severally; and/or

      c.      As an alternative to the above remedies, requiring that either Defendant Swain Landing reimburse White Pearl, LLC for $585,000, plus

prejudgment interest or, alternatively, Defendants Bolog and Postal, jointly and severally, pay Plaintiff White Pearl, LLC $585,000, plus interest; and/or

d.     Ordering such other and further relief as this Honorable Court deems appropriate, including fashioning such alternative equitable remedies as may be just to Plaintiff Trust and Plaintiff White Pearl, LLC under the circumstances.

## COUNT XV – DECLARATORY JUDGMENT
(Plaintiff Engelhorn v. Defendants Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021)

163.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

164.    That, at all times relevant hereto, Defendant Bolog was an attorney licensed to practice law in Maryland, the District of Columbia, and Virginia.

165.    That, at all times relevant hereto, Defendant Bolog represented Plaintiff Engelhorn.

166.    That Plaintiff Engelhorn seeks a declaration by this Honorable Court that the alleged gift in the amount of $10M from her to Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, was invalid as a matter of law and that Plaintiff Engelhorn is entitled to a return of the monies.

WHEREFORE, Plaintiff Engelhorn prays for entry of the declaratory judgment that the alleged gift of $10M to the JAREB Irrevocable Trust Agreement dated October 11, 2021, was invalid as a matter of law and that monies should be returned to her by Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021, for her costs, and for such other and further relief as may be appropriate under the circumstances.

## COUNT XVI – UNJUST ENRICHMENT

(Plaintiff Engelhorn v. Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable
Trust Agreement Dated October 11, 2021)

167.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully
set forth herein.

168.    That Defendant Bolog, as Plaintiff Engelhorn's attorney, owed a duty to Plaintiff
Engelhorn to provide accurate and truthful information to Plaintiff Engelhorn and to explain the
legal effect of Plaintiff Engelhorn signing the documents that caused the $10 million transfer from
Plaintiff Engelhorn's account to the JAREB Irrevocable Trust—namely, the Notice of Gift, wire
instructions, and JAREB Irrevocable Trust Agreement.

169.    That Defendant Bolog caused Plaintiff Engelhorn to transfer $10 million to the
JAREB Irrevocable Trust through fraud and intentional misrepresentations.

170.    That, as a direct and proximate result of Defendant Bolog's fraud and intentional
misrepresentations, at the time Plaintiff Engelhorn signed the documents that caused the transfer
of $10 million to the JAREB Irrevocable Trust, Plaintiff Engelhorn believed she was signing
routine legal documents.  As a result of Defendant Bolog's words and deeds, Plaintiff Engelhorn
was misled concerning the nature of the said documents and their legal effect.

171.    That Plaintiff Engelhorn has conferred a benefit on Defendants Bolog and JAREB
in the amount of $10 million.

172.    That Defendant Bolog, individually, and the Trustee for JAREB, was aware of and
had knowledge of, the $10 million benefit conferred by Plaintiff Engelhorn, as well as the
dishonest means by which the funds were obtained from Engelhorn.

173.    That Plaintiff Engelhorn has demanded the return of the $10 million, and Defendant
Bolog, individually and on behalf of JAREB, has refused to do so.

174.    That Defendant Bolog's, individually and as Trustee for JAREB, acceptance and retention of the $10 million under the circumstances described herein make it inequitable and unconscionable for Defendant Bolog and JAREB to retain the $10 million.

175.    That, at all times relevant hereto, Defendant Bolog represented Plaintiff Engelhorn.

176.    That client "gifts" to attorneys are presumptively fraudulent.  Md. Rule 19-301.8 cmt. 6.

WHEREFORE, Plaintiff Engelhorn demands judgment against Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT XVII – FRAUDULENT CONVEYANCE
(Plaintiff Trust v. Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC)

177.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

178.    That, upon information and belief, Defendant Science Park would have received monthly payments from tenants at the real property owned by Defendant Science Park.

179.    That, upon information and belief, Defendant Science Park conveyed and transferred these rental payments, either directly or indirectly, to Defendant Bolog, without remitting the monthly interest payments to the Plaintiff Trust, without fair consideration, thereby rendering Defendant Science Park insolvent and unable to pay the monies to Plaintiff in violation of the Maryland Uniform Fraudulent Conveyance Act.  The assets so conveyed exceeded the amounts due to Plaintiff Trust.

180.    That Defendant Science Park conveyed and transferred substantially all of its assets to Defendant Bolog, including the monthly rental payments, either directly or indirectly, with the actual intent to hinder, delay, and defraud present and future creditors, including the Plaintiff Trust and removed said assets from Plaintiff Trust's reach, all in violation of the Maryland Uniform Fraudulent Conveyance Act.

181.    That these transfer of assets by Defendant Science Park were fraudulent as to Plaintiff Trust, who is and was a creditor of Defendant Science Park with a matured claim in amount that was substantially less than the amount and value of the aforesaid assets transferred.

182.    That each of the Defendants had knowledge of the fraud at the time of each transfer and conveyance and none acted in good faith in connection with each transfer and conveyance.

WHEREFORE, Plaintiff Trust requests that this Honorable Court enter a judgment as follows:

a.    Declaring that each of the aforesaid conveyances and transfer as fraudulent as to Plaintiff Trust;

b.    Setting aside all such conveyances and transfers of assets by Defendant Science Park to Defendant Bolog with such transfers returned to Defendant Science Park to satisfy Plaintiff's claims against Defendant Science Park.

c.    Awarding Plaintiff interest from the date of each transfer and conveyance.

d.    Entering a judgment against Defendants, jointly and severally, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

e.    For such other and further relief as may be appropriate under the circumstances.

## COUNT XVIII – FRAUD

44

(Plaintiff Trust v. Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC)

183.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

184.    That Defendant Bolog defrauded Plaintiff Trust by embezzling and misappropriating approximately $3,352,650 belonging to it.

185.    That Defendant Bolog caused Plaintiff Trust to pay $3,352,650 to resolve the encumbrance owed by Defendant Science Park and to satisfy guarantees owed by Defendants Bolog and/or Tenacity Investments, LLC.

186.    That, as a result of his fiduciary relationship with Plaintiff Engelhorn and the Plaintiff Trust, he had a duty to disclose certain material facts to Plaintiffs before the transaction, namely, that he was an owner of Defendant Science Park and had a financial interest in the transaction.

187.    That Defendant Bolog intentionally failed to disclose his actual knowledge that he was an owner of Defendant Science Park and had a financial interest in the transaction.

188.    That, had Defendant Bolog truthfully disclosed and not deliberately concealed from Plaintiffs his relationship and financial interest in Defendant Science Park, Plaintiffs would not authorized a transfer of $3,352,650 to the lender for Defendant Science Park.

189.    That, as a direct and proximate consequence of Defendant Bolog's fraudulent concealment, as set forth above, Plaintiff Trust has suffered significant economic losses.

WHEREFORE, Plaintiff Trust demands judgment against Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC, jointly and severally, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in the amount of

$20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT XIX – UNJUST ENRICHMENT
(Plaintiff Trust v. Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC)

190.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

191.    That Defendant Bolog, as an attorney and trustee for the Plaintiff Trust, owed a duty to act in a conflict-free fashion and to make prudent investments on behalf of Plaintiff Trust.

192.    That Defendant Bolog caused Plaintiff Trust to satisfy an obligation that he and the two corporate Defendants owed without paying any consideration to Plaintiff Trust.

193.    That, as a direct and proximate result of Defendant Bolog's fraud and intentional misrepresentations, Plaintiff Trust paid off a debt due and owing by the Defendants with respect to the real property owned by Defendant Science Park.

194.    That Plaintiff Trust has conferred a benefit on Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC, both for the face value of the loan and in terms of the monthly payments that Defendant Science Park failed to pay.

195.    That Defendant Bolog, individually, and as the principal and/or agent of the two entities, was aware of and had knowledge of the benefit conferred by Plaintiff Trust on Bolog and the two entities, as well as the dishonest means by which the funds were obtained from Plaintiff Trust.

196.    That the Defendants' acceptance and retention of said monies under the circumstances described herein make it inequitable and unconscionable for Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC to retain them.

WHEREFORE, Plaintiff Trust demands judgment against Defendant Bolog, Defendant Science Park, and Defendant Tenacity Investments, LLC, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT XX – AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY
(Plaintiffs v. Defendant WTP)

197.    That Plaintiffs adopt and incorporate by reference all paragraphs above as if fully set forth herein.

198.    That Defendant WTP aided and abetted Defendant Bolog in breaching his fiduciary duties owed to the Plaintiffs.

199.    That Defendant Bolog owed to Plaintiffs certain fiduciary duties as set forth above.

200.    That, by committing the acts alleged herein, Defendants Bolog breached his fiduciary duties to Plaintiffs.

201.    That Defendant WTP colluded in or aided and abetted Defendant Bolog's breach of his fiduciary duties and was an active and knowing participant in Defendant Bolog's breach of fiduciary duties owed to Plaintiffs.

202.    That Defendant WTP participated in the breach of the fiduciary duties by Defendant Bolog for the purpose of advancing its own interests.  Defendant WTP obtained and will obtain both direct and indirect benefits from colluding or aiding and abetting the breaches by Defendant Bolog.

203.    Plaintiffs have been irreparably injured as a direct and proximate result of the aforementioned acts.

WHEREFORE, Plaintiffs demand judgment against Defendant WTP for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive

damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

Respectfully submitted:

/s/*Patrick D. Gardiner*

Wes P. Henderson, Esq. (AIS# 0212180062)
Patrick D. Gardiner, Esq. (AIS# 1506160113)
Henderson Law, LLC
2127 Espey Court, Suite 204
Crofton, MD 21114
T: 410.721.1979
F: 410.721.2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial in this action with respect to all issues and claims triable before a jury.

/s/ *Patrick D. Gardiner*

Patrick D. Gardiner, Esq. (AIS# 1506160113)

48

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of February 2025 that, a copy of the foregoing was sent via MDEC to the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
wmurphy@zuckerman.com
jconnolly@zuckerman.com
kmackinnonmorrow@zuckerman.com

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Douglas F. Gansler, Esq.
John B. Howard, Jr., Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006
Douglas.gansler@cwt.com
J.B.Howard@cwt.com

*Counsel for Defendants Erik D. Bolog, Individually,*
*and as Trustee of The JAREB Irrevocable Trust*
*Agreement dated October 11, 2021,*
*Science Park Associates, LLC; and Darnestown Road, Inc.*

AND via first class mail, postage prepaid on the following:

Michael Postal
1801 16th Street NW, Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Swain Landing LaPlata JC, LLC
4302 Broken Arrow Court
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103
Takoma Park, MD 20912

*Defendant pro se*

/s/ *Patrick D. Gardiner*
Patrick D. Gardiner, Esq. (AIS# 1506160113)