# Exhibit 4

Ethics Hotline & Opinions

# Ethics Docket No. 1990-12

MARYLAND STATE BAR ASSOCIATION, INC.

COMMITTEE ON ETHICS

ETHICS DOCKET NO. 1990-12

Arbitration Clause in Fee Agreement

Your inquiry raises the issue as to whether an attorney may enter into a written retainer agreement with a client, which agreement would provide that all disputes arising out of the attorney-client relationship would be submitted to mandatory arbitration. This would include fee disputes as well as claims by the client against the lawyer for malpractice, professional negligence, and the like.

The Committee believes that the answer to your inquiry is governed by Rule 1.8(h) of the Maryland Rules of Professional Conduct, which provides:

"A lawyer shall not make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless permitted by law and the client is independently represented in making the agreement, or settle a claim for such liability with an unrepresented client or former client without first advising that person in writing that independent representation is appropriate in connection therewith."

The key issue in your inquiry is whether an agreement to submit all disputes arising out of the attorney-client relationship to arbitration constitutes an effort prospectively to limit the lawyer's liability to a client for malpractice. Assuming *arguendo*, either as a matter of law or as specified in the agreement, that arbitrators can award any and all types of damages (including punitive damages) which might be awarded by a court or jury, there is still the question as to whether a written agreement which takes away the right to a court or jury trial an be viewed as prospectively limiting the lawyer's liability to a client for malpractice. In a very technical sense, one could argue that there is no prospective limitation of the lawyer's liability provided that the arbitrators can award all damages that a court or jury could award. However, in this day and age, there are many lawyers and non-lawyers who would be quick to argue that juries are more likely to award larger judgments against professionals than would be the case with arbitration panels. In addition, there are significant differences between arbitration proceedings and court proceedings in terms of the admissibility or evidence, appellate review, and other factors which bear on this issue. Although one might easily and persuasively argue that these factors go to procedural differences rather than remedial ones, nevertheless, the Committee believes that the over-all effect of the decision whether to opt for arbitration versus a court or jury trial is sufficiently related to the issue of prospectively limiting a lawyer's liability, so that Rule 1.8(h) must be followed.

The dichotomy in Rule 1.8(h) between the situation where a lawyer is prospectively attempting to limit his liability to a client versus the situation where a lawyer is settling a claim for such liability with an unrepresented client or former client is significant. Interestingly, in the latter situation, a lawyer can settle a claim asserted by the unrepresented or former client provided the lawyer first advises that person in writing to seek independent representation in connection with the settlement of the claim. If the claimant fails to follow the lawyer's advice, provisions of the Rules, is free to settle the matter with the unrepresented or former client.

On the other hand, when the lawyer prospectively attempts to seek independent representation is not enough. In this situation Rule 1.8(h) mandates that the client be independently represented before making such an agreement. Thus, if the client fails or refuses to obtain independent representation, the lawyer cannot enter into any agreement prospectively limiting his liability.

Accordingly, the Committee is of the opinion that before a lawyer can enter into a written agreement with a client providing for the submission to arbitration of all disputes arising out of the attorney-client relationship, the client must be represented by independent counsel in connection with that written agreement. If the client refuses to seek independent counsel, then the lawyer is prohibited from entering into such a written agreement. In this case, obviously, the lawyer will simply have to decide whether he wants to represent the client absent such a written agreement.



**DISCLAIMER:** Opinions of the Maryland State Bar Association (MSBA) Ethics Committee are an uncompensated service of the MSBA. This Committee's opinions are not binding on the Maryland Court of Appeals, Maryland Attorney Grievance Commission, MSBA or this Committee. The reader is advised that subsequent judicial opinions, revisions to the rules of professional conduct, and future opinions of this Committee may render the Opinions stated herein outdated. As such, the Committee's opinions are advisory only and neither the Committee nor the MSBA assumes any liability whatsoever with respect thereto. Accordingly, reliance upon the opinions of this Committee is solely at the risk of the user.



## QUICK LINKS

▸ MSBA Engage

▸ Attorney Security Pass

▸ Dispute an Attorney Fee

▸ Contact Us

## MSBA SITE

▸ For Members

▸ Learning & Events

▸ Resources & Tools

▸ Advocacy

▸ About Us

## PARTNER SITES

▸ Fastcase

▸ Maryland Bar Foundation

▸ MD Access to Justice Commission

▸ My Law

▸ Pro Bono Resource Center

**Maryland State Bar Association, Inc.**

520 W. Fayette St

Baltimore, Maryland, 21201

410-685-7878

**LAWYER ASSISTANCE:**

888-388-5459

     

Copyright    Privacy Policy    Terms & Conditions