IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 24-184-ELG<br>United States Bankruptcy Court<br>for the District of Columbia |
| Claudia Engelhorn, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>Erik D. Bolog, *et al*.<br><br>Defendants. | Case No. 25-00159<br>United States Bankruptcy Court<br>for the District of Maryland<br><br>Case No. C-24-CV-24-002631<br>Circuit Court for Baltimore City, Maryland<br><br>**Re: Docket No. 3** |

**OBJECTION OF PLAINTIFFS AND COUNTER-DEFENDANTS TO DEBTOR'S
MOTION TO TRANSFER VENUE**

Plaintiffs and Counter-Defendants, Claudia Engelhorn, individually and on behalf of the Whitewater Revocable Trust, and White Pearl, LLC (collectively "Plaintiffs" or "Counter-Defendants"), hereby file this objection (the "Objection") to Debtor's *Motion to Transfer Venue* [Docket No. 3] (the "Motion")[1] pursuant to 28 U.S.C. § 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of the Objection, Plaintiffs respectfully represent as follows:

**PRELIMINARY STATEMENT**

Although characterized by the movant, Swain Landing, LLC ("Swain Landing" or the "Debtor") as a "straightforward" motion to transfer venue, the relief requested is remarkable,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

jurisdictionally improper, otherwise without merit, and should be denied. By way of context, the Motion was brought under an adversary proceeding that itself attaches to no underlying bankruptcy case filed in this District in an attempt to transfer a pending multiparty Maryland state court litigation to the United States Bankruptcy Court for the District of Columbia (the "DC Bankruptcy Court") where Swain Landing (but no other co-defendants) has sought bankruptcy protection. Plaintiffs aver that the absence of an underlying Maryland bankruptcy case is sufficient grounds to deny the Motion for lack of jurisdiction.

Even if jurisdiction exists, the Court should deny the Motion because the Debtor has not provided sufficient evidence that transfer is in the interest of justice or for the convenience of the parties. To the contrary, it is not in the interest of justice to transfer the Adversary Proceeding because the Debtor is just one of several defendants in a case that has been ongoing for over nine months in an appropriate Maryland state court venue. Furthermore, there are issues in the Circuit Court Action, specifically those related to arbitration, in which the Debtor is not a relevant party. Accordingly, it would be against the weight of justice to transfer an entire action comprised of multiple non-Debtor parties to a court that does not have the historical context or necessary background knowledge to adjudicate these issues.

Furthermore, the Plaintiffs intend to seek abstention or remand of the Circuit Court Action back to the Circuit Court, a process which would be further delayed by transfer at this stage. The Plaintiffs also intend to seek dismissal of the DC Bankruptcy Case (as defined herein) such that, if successful, the Circuit Court Action, if transferred, would be left in limbo.

Finally, transfer is not necessary for the convenience of the parties. As noted, the parties have been ably litigating the Circuit Court Action in the Circuit Court for over nine months. The Debtor is just one defendant in the Circuit Court Action, which does not equate to a necessary

transfer as to all of the Defendants.  In fact, as a debtor in the pending bankruptcy case before the DC Bankruptcy Court, Swain has the benefit of the automatic stay and should the DC Bankruptcy Court case continue, the opportunity to utilize the bankruptcy claims process.  For these and other reasons, the Court should deny the Motion.

**BACKGROUND**

1. On September 10, 2024, Plaintiffs filed a complaint in the Circuit Court for Baltimore County, Maryland (the "Circuit Court"), commencing a case designated as case number C-24-CV-002631 (the "Circuit Court Action").

2. The Circuit Court Action stems primarily from the conduct of Erik D. Bolog ("Mr. Bolog"), who was Claudia Engelhorn's former attorney, trustee, confidant, advisor, and friend.  It is alleged that Mr. Bolog, while employed by Whiteford, Taylor & Preston, LLP ("WTP") and acting within the course and scope of his employment with WTP, and with the aid of his friends, engaged in multiple instances of intentional misconduct wherein he used the Plaintiffs' assets to enrich himself, his business ventures, enrich his friends, and billed the Plaintiffs for his and other WTP employees' time and expenses while doing so.  Once Mr. Bolog's misconduct was highlighted for WTP's management, they conducted an investigation into Mr. Bolog's actions, uncovered misconduct, and terminated him.

3. It is alleged that Mr. Bolog's misconduct can be delineated into subcategories: (1) a fraudulent $10 Million "Gift" to the JAREB Irrevocable Trust; (2) embezzlement to save Mr. Bolog and Michael Postal ("Mr. Postal")'s investment in the Science Park Property; (3) fraud and embezzlement into Mr. Bolog's company, Darnestown Road, Inc.; and (4) embezzlement and fraud related to the Debtor, Swain Landing LaPlata JC, LLC.  Hereinafter, Mr. Bolog, individually, and

Case 25-00159    Doc 15    Filed 06/24/25    Page 4 of 13

as Trustee of the JAREB Irrevocable Trust, Science Park Associates, LLC, and Darnestown Road, Inc., shall be referred to as the "Bolog Defendants."

4. The Circuit Court Action has been active and has included, among other things, a demand by Defendants to compel arbitration, which was denied by the Circuit Court.

5. Among the Defendants in the Circuit Court Action is the Debtor. Based upon information and belief, the Debtor asserts as its principal asset an ownership interest in certain real property. Based upon further information and belief, the Debtor does not engage in commercial business activity.

6. In the Circuit Court Action, Plaintiffs successfully overcame motions to dismiss filed by certain Defendants. Plaintiffs also overcame multiple petitions to compel arbitration.

7. In the early spring of 2025, certain Defendants failed to respond to Plaintiffs' discovery requests, and the Court granted a Motion to Compel their discovery responses and document production.

8. On March 24, 2025, Mr. Bolog, Science Park, and Darnestown filed a Counterclaim against Claudia Engelhorn, individually, and as Trustee of the Whitewater Revocable Trust Dated September 30, 2021. On April 22, 2025, Counter-Defendants filed a Motion to Dismiss the Counterclaim. Finally, Plaintiffs filed a motion for sanctions against the Bolog Defendants for their failure to comply with the Court's order compelling production of discovery materials on May 23, 2025.

9. On May 15, 2025 (the "Petition Date"), the Debtor filed a petition for bankruptcy protection in the United States Bankruptcy Court for the District of Columbia under subchapter V of title 11 of the United States Code (the "Bankruptcy Code"), which is pending in the DC Bankruptcy Court under case number 25-184-ELG (the "DC Bankruptcy Case").

4

10. On June 9, 2024, the Bolog Defendants (which does not include the Debtor) filed a motion for reconsideration of the Circuit Court's June 4, 2025, order denying their request to compel arbitration. Under the relevant Maryland Rules, Plaintiffs' opposition normally would be due on June 24, 2025, and under the Federal Rules, such a response would be due June 23, 2025. *See* Md. Rule 2-311(b) and D. Md. Bankr R. 9006-1(a). Given this interceding Adversary Proceeding, it is unclear whether those deadlines remain in place.

11. On June 10, 2025, only the Debtor filed this Adversary Proceeding. Based upon the pleadings filed in connection therewith, the goal of the Adversary Proceeding was to first obtain removal of the Circuit Court Action to this Court and to transfer it to the DC Bankruptcy Court.

12. The Circuit Court Action was scheduled to proceed to a motions hearing on Counter-Defendants' Motion to Dismiss the Counterclaim on June 11, 2025, but the Debtor filed its Notice of Removal on June 10, 2025, and the hearing was cancelled.

13. The Plaintiffs sought leave of this Court to extend the time to respond to the Motion, which was denied by the Court, thus necessitating this Objection.

## ARGUMENT

**A.   The Motion should be Denied for Lack of Jurisdiction.**

14. The Court should deny the Motion for lack of jurisdiction. It is well established that a bankruptcy court's jurisdiction over an adversary proceeding depends on the proceeding's "nexus to the underlying bankruptcy case." *Okoro v. Wells Fargo Bank*, N.A., 567 B.R. 267, 274 (D. Md. 2017) (internal quotations omitted). Here, there exists no underlying bankruptcy case from where this Court may draw its jurisdiction and this Court should not create jurisdiction where it otherwise does not exist.

15. Bankruptcy courts have subject matter jurisdiction over two types of proceedings, "core" proceedings and "non-core" proceedings. *See Burns v. Dennis (In re Southeastern Materials, Inc.)*, 467 B.R. 337, 345 n.2 (Bankr. M.D. N.C. 2012) ("Whether a proceeding is core or non-core is beside the point for determining jurisdiction. . . . *So long as a proceeding is one or the other*, the Bankruptcy Court possesse[s] subject-matter jurisdiction.") (emphasis added). A "core" proceeding either "arises under" the Bankruptcy Code or "arises in" a bankruptcy case. *Global Express Money Orders, Inc. v. Farmers & Merchants Bank (In re Collen, Inc.)*, 406 B.R. 674, 678 n.1 (Bankr. D. Md. 2009). A "non-core" proceeding is "related to" a bankruptcy case. *Id*. This Adversary Proceeding is neither (i) "core" based on "arising under" jurisdiction because no debtor invoked the protections of the Bankruptcy Code before this Court, under which this Adversary Proceeding could have arisen; (ii) "core" based on "arising in" jurisdiction because no debtor commenced a bankruptcy case before this Court within which this Adversary Proceeding could have arisen; or (iii) "non-core" based on "related to" jurisdiction because no debtor commenced a bankruptcy case before this Court with which this Adversary Proceeding could relate.

16. The Debtor's *Notice of Removal* [Docket No. 1] leaves no doubt on this point. The Debtor filed a Notice of Removal which states that the Circuit Court Action was being removed directly to this Court (not the District Court) through Rule 402 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"). Local Rule 402 requires proceedings "arising under Title 11 or arising in or related to cases under Title 11" to be referred to the bankruptcy judges of this District. However, as even indicated on the *Order Upon Notice of Removal to Bankruptcy Court* [Docket No. 5], there is no bankruptcy case in this District to which to tie the Adversary Proceeding. Accordingly, there is no basis for this Court to

retain jurisdiction over the Adversary Proceeding, as there is no bankruptcy case to prop it up. Given this fundamental jurisdiction failing, denial of the Motion is warranted.

**B.      The Motion should be Denied Because the Debtor has Not Met Its Burden of Proof.**

17.     Even if jurisdiction exists (which it does not) there is no reason to transfer venue of the Adversary Proceeding to the DC Bankruptcy Court as the Debtor has failed to meet its burden of proof.

18.     It is well established that the moving party bears the burden of proof to establish that transfer is warranted. *See Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D. Md. 2002) ("[T]he burden is on the moving party to show that transfer to another forum is proper."); *see also Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.)*, 596 F.2d 1239, 1241 (5th Cir. 1979) (hereinafter referred to as "*CORCO*"); *In re Victorville Aerospace, LLC*, Case No. 08-35790, 2008 WL 5482785, at *6 (Bankr. S.D. Tex. Dec. 9, 2008) ("Movants bear the burden of 'clearly establishing' that transfer of venue is warranted."); *accord In re Enron Corp.,* 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002) (noting *CORCO* as "[t]he seminal circuit court case on the issue of whether to transfer venue of a bankruptcy case under 28 U.S.C. § 1412 and [the Bankruptcy Rule] 1014 . . . .")  Certain courts have gone even further, opining that the balance must "strongly" favor transfer, *In re Uslar*, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991), or that the evidence must demonstrate clear and proper justification for transfer. *In re Holiday Towers, Inc.*, 18 B.R. 183, 187 (Bankr. S.D. Ohio. 1982). Here, the Debtor has not met its burden.

19.     More specifically, section 1412 empowers a court to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of parties." 28 U.S.C. § 1412. The Bankruptcy Rules set forth an identical standard. Under

7

Bankruptcy Rule 1014(a)(1), "the court . . . may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(1).

20. Thus, section 1412 and the Bankruptcy Rules direct the Court to apply two distinct and independent tests in determining whether to transfer venue: (1) in the interest of justice; or (2) for the convenience of the parties. *Enron*, 274 B.R. at 343. Neither standard is met.

### 1. *Transfer is Not in the Interest of Justice.*

21. The Debtor falls far short of meeting its burden of proving the transfer of this Adversary Proceeding serves the "interest of justice" under 28 U.S.C. § 1412. The Debtor's position boils down to this: the Debtor seeks to drag all the Plaintiffs and all other Defendants into the DC Bankruptcy Court rather than continue to let the Circuit Court Action play out (possibly without it) where such case was filed and has been ongoing. The Debtor mistakenly equates its self-interest with the interest of justice.

22. "In evaluating the interest of justice, the Court must consider what will promote the efficient administration of the estate, judicial economy, timeliness, and fairness." *Id*. at 349 (citation omitted). The Circuit Court Action was filed in Maryland, and is being appropriately and efficiently administered in Maryland before the Circuit Court. The Circuit Court is familiar with the proceeding and the Circuit Court Action deals with state law causes of action.

23. Further, the party seeking to transfer the Adversary Proceeding is the Debtor, who represents only one of the multiple Defendants and is the one party protected from litigation of the Circuit Court Action by the automatic stay. There is certainly no reason to burden the DC Bankruptcy Court with the transfer of an otherwise active, multiparty Circuit Court Action, especially when that action is stayed as against the Debtor.

24. A bankruptcy court also may consider, as an additional relevant factor, whether transfer of a case serves the "integrity of the bankruptcy system." *See In re AmeriFirst Fin., Inc.*, Case No. 23-11240, 2023 WL 7029873, at *5 (Bankr. D. Del. Oct. 25, 2023) ("[S]uch obvious attempts to manipulate venue placed the form of the venue statute[s] over their substance, undermining the purpose and integrity of the bankruptcy system.") (citation omitted). Here, Plaintiffs aver that the Debtor's efforts to remove and transfer the Circuit Court Action, particularly given the protections afforded it by virtue of filing for bankruptcy protection in the DC Bankruptcy Court, amounts to an improper use of this Court's resources and subversion of the bankruptcy process.

25. It should further be noted that the Plaintiffs' deadline to seek abstention is July 1, 2025, and that the Plaintiffs intend to seek abstention and/or remand of this matter back to the Circuit Court.

26. Moreover, one or more of the Plaintiffs are contemplating seeking dismissal of the DC Bankruptcy Case. Among the reasons such dismissal appears warranted is the Debtor's lack of authority to file the bankruptcy petition, as such petition was filed without approval or authority of a member that holds a 50% voting interest. Another issue warranting dismissal is the lack of qualification under subchapter V, as the Debtor is not an operating business. Plaintiffs reserve the right to raise these and other issues for dismissal.

27. Although dismissal would be considered by the DC Bankruptcy Court, Movants believe it is important for this honorable Court to understand the existence of such issues and why it is prudent to deny transfer at this time, as the potential dismissal of the DC Bankruptcy Case could leave the Circuit Court Case in limbo.

## 2. *Convenience of the Parties is no Basis for Transfer.*

28. The Debtor has also failed to meet its "heavy burden of proof . . . to demonstrate that the balance of convenience weighs in [its] favor." *Lionel Leisure, Inc. v. Trans Cleveland Warehouses, Inc. (In re Lionel Corp.)*, 24 B.R. 141, 142 (Bankr. S.D.N.Y. 1982).

29. The Debtor's attempt to move the entirety of the Circuit Court Action, including the Circuit Court's denial of arbitration, to Washington, DC, because one Defendant (who is not even a party to the arbitration request) filed for bankruptcy in Washington, DC, is without merit. While it remains to be seen where the claim against the Debtor should proceed, there is no good reason the claims against the other Defendants should proceed in the DC Bankruptcy Court, especially reconsideration of relief for arbitration that does not even concern the Debtor.

30. As discussed, the Circuit Court Action has been continuing for quite some time in the Circuit Court and the parties have been successfully litigating therein. Accordingly, it is unnecessary for this Court to transfer the Adversary Proceeding to a court that is unfamiliar with the parties and the litigation.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny the Motion and grant such other and further relief as deemed necessary.

[*Remainder of page intentionally left blank*]

Respectfully submitted:

/s/      PDG
Wes P. Henderson, Esq. (Fed. Bar #15926)
Patrick D. Gardiner, Esq. (Fed. Bar #19729)
HENDERSON LAW, LLC
2127 Espey Court, Suite 204
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

*Attorneys for Plaintiffs and Counter-Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June, 2025, a copy of the foregoing was sent via CM-ECF on the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in Possession*

Douglas F. Gansler, Esq.
Matthew Karlan, Esq.
Zack Schrieber, Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Defendants Erik D. Bolog, Individually, and as Trustee of The JAREB Irrevocable Trust Agreement dated October 11, 2021, Science Park Associates, LLC, and Darnestown Road, Inc*

AND via first-class mail, postage prepaid on the following:

Michael Postal
1801 16th Street N.W., Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103,
Takoma Park, MD 20912

*Defendant pro se*

                                            /s/ PDG
                            Patrick D. Gardiner, Esq. (Fed. Bar #19729)