## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>              Debtor. | Case No. 25-184-ELG<br>(United States Bankruptcy Court<br>for the District of Columbia) |
| Claudia Engelhorn, *et al.*<br><br>              Plaintiffs,<br><br>         v.<br><br>Erik D. Bolog, *et al.*<br><br>             Defendants. | Case No. 1:25-ap-00159<br>(United States Bankruptcy Court for<br>the District of Maryland) |

## BOLOG PARTIES' RESPONSE IN SUPPORT OF
## MOTION TO TRANSFER VENUE (ECF NO. 3)

Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as Trustee of the JAREB Irrevocable Trust, dated October 11, 2021, Science Park Associates, LLC, and Darnestown Road, Inc. (collectively, the "Bolog Parties") respectfully submit this response in support of the Motion to Transfer Venue (ECF No. 3, the "Motion to Transfer") filed by Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor") seeking to transfer this case to the United States Bankruptcy Court for the District of Columbia for consolidation with the Debtor's Chapter 11 proceeding (Case No. 25-00184, the "Chapter 11 Proceeding"), and state as follows:

1.     In this adversary proceeding, Plaintiffs Claudia Engelhorn, Claudia Engelhorn as Trustee of the Whitewater Revocable Trust dated September 30, 2021 (the "Whitewater Trust"), and White Pearl, LLC, ("White Pearl" and, collectively, the "Engelhorn Parties"), bring a number of claims against Mr. Bolog for common law fraud and breach of fiduciary duty for making alleged

misrepresentations to Ms. Engelhorn and allegedly failing to disclose his alleged relationship with certain entities in which the Engelhorn Parties invested and/or provided loans during the time that Mr. Bolog served as a co-trustee of the Whitewater Trust. One of those entities is the Debtor, Swain Landing.

2.      As relevant to Swain Landing and its Chapter 11 Proceeding, the Whitewater Trust and White Pearl have brought suit against both Mr. Bolog and the Debtor for the judicial dissolution of the Debtor and distribution of its assets, including the return of a $585,000.00 investment made in the Debtor by Plaintiffs, allegedly orchestrated by Mr. Bolog. (*See* Second Amended Complaint, ECF No. 1-4, Claims XIII, and XIV.) The Whitewater Trust and White Pearl allege that Mr. Bolog and the Debtor are jointly and severally liable for the $585,000.00 investment, along with prejudgment interest and attorneys' and other professionals' fees and costs. (*Id*.) White Pearl has also brought suit against Mr. Bolog for common law fraud and breach of fiduciary duty for alleged misrepresentations and failure to disclose a prior relationship with Swain Landing, and seeks to hold Mr. Bolog liable for compensatory damages in excess of $75,000 and punitive damages of $20 million in connection with the Swain Landing investment. (*Id*., Claims V and VII.) Mr. Bolog vehemently denies any wrongdoing or liability.

3.      In fact, Mr. Bolog has filed an adversary proceeding against the Debtor in the United States District Court of the District of Columbia (Adv. Proc. No. 25-10019), asserting claims for contribution and indemnification against the Debtor related to Claims V, VII, XIII, and XIV, asserted by Plaintiffs within this adversary proceeding. As explained therein, to the extent Mr. Bolog is found liable to Plaintiffs for any amount related to the Swain Landing investment, he should be indemnified by, and may seek contribution from, the Debtor, as any alleged harm suffered by Plaintiffs was caused by Debtor and not by Mr. Bolog.

4.      Similarly, other claims brought by Plaintiffs against Defendants Mr. Bolog, Darnestown Road, Inc., and Science Park Associates, LLC, are for common law fraud and breach of fiduciary duty for alleged misrepresentations made by Mr. Bolog to Ms. Engelhorn and for failing to disclose to Ms. Engelhorn any purported relationship between Mr. Bolog and Darnestown Road and Science Park before she and her affiliated entities invested and/or provided loans to these companies. Many of these claims are premised on Mr. Bolog's alleged violation of his duties as a trustee of the Whitewater Trust and should, Mr. Bolog submits, fail in light of the terms of the Whitewater Trust Agreement, among other defenses. Mr. Bolog has also argued that many, if not all, of these claims—including those involving Swain Landing—are subject to mandatory arbitration under the Whitewater Trust Agreement.

5.      Given the similarities of the claims, the underlying factual issues, the legal analysis, and the likely defenses that Mr. Bolog intends to put forward, it is in the interest of judicial efficiency for a single court to evaluate and adjudicate all of these matters—this entire adversary proceeding and the Chapter 11 Proceeding—together. Indeed, "the proper venue for a proceeding related to a bankruptcy case is in the district hearing the bankruptcy case." *Schmid Pipeline Constr., Inc. v. Columbia Gas Transmission, LLC*, 2019 WL 13340998, at *4 (N.D.W. Va. Oct. 21, 2019).

6.      The Engelhorn Parties' argument that they "intend to seek abstention and/or remand" of this adversary proceeding back to Maryland Circuit Court is unavailing and misplaced as to whether this adversary proceeding should be transferred and consolidated with the Chapter 11 Proceeding. (*See* ECF No. 7 at 5; ECF No. 15 at 9.) Regardless of if or when the Engelhorn Parties file such motion, it is respectfully argued that the United States Bankruptcy Court for the

District of Columbia—which is closer to the issues underlying the Debtor's reorganization—is the appropriate forum to adjudicate the arguments on a motion to remand.

7.     While Mr. Bolog denies the claims asserted by the Engelhorn Parties in the Second Amended Complaint, it is clear that the grounds underlying Plaintiffs' claims against the Bolog Parties, as well as the Bolog Parties' anticipated factual and legal defenses, are intertwined with those against the Debtor. The Bolog Parties agree with Swain Landing's position in the Motion to Transfer that for the purposes of both estate administration and judicial efficiency, this adversary proceeding—which asserts claims against both the Debtor and the Bolog Parties—and the Debtor's Chapter 11 Proceeding should be heard by the same court in the Bankruptcy Court for the District of Columbia.

Dated:  June 24, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually
and as Trustee of the JAREB Irrevocable Trust
Agreement dated October 11, 2021; Darnestown
Road, Inc.; and Science Park Associates, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2025, a copy of the foregoing was

served electronically via CM/ECF and electronic mail upon counsel of record, and remaining

parties served via first class mail.

**Counsel of Record Served via CM/ECF and electronic mail:**
Patrick Gardiner (patrick@hendersonlawllc.com)
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly (jconnolly@zuckerman.com)
William J. Murphy (wmurphy@zuckerman.com)
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Swain Landing LaPlata JC, LLC
Maurice Belmont VerStandig (mac@mbvesq.com)
**The VerStandig Law Firm, LLC**
9812 Falls Road #114-160
Potomac, MD 20854
*Counsel for Defendant Swain Landing LaPlata JC, LLC*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

Respectfully,

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*