**EXHIBIT 2**

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **CLAUDIA ENGELHORN**, *et al.*, ) | |
| ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Case No.: C-24-CV-24-002631 |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| **WHITEFORD, TAYLOR & PRESTON,** ) | |
| **LLP et al.,** ) | |
| ) | |
| ) | |
| *Defendants*. ) | |

### THE BOLOG DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants Erik Bolog, in his individual capacity and as Trustee for the JAREB Irrevocable Trust Agreement Dated October 11, 2021 ("JAREB"); Science Park Associates, LLC; and Darnestown Road, Inc., (collectively, the "Bolog Defendants") hereby answer the Second Amended Complaint filed by Plaintiffs Claudia Engelhorn, Claudia Engelhorn, as Trustee of the Whitewater Revocable Trust Dated September 30, 2021, and White Pearl LLC, served on the Bolog Defendants on February 5, 2025.

### GENERAL DENIAL

The Bolog Defendants generally deny all allegations and counts in the Second Amended Complaint.  *See* Maryland Rule 2-323(d).

### PRELIMINARY DEFENSES

1.  This Court lacks jurisdiction over the subject matter of this action.

2. The Second Amended Complaint fails to state a claim upon which relief can be granted.

3. The Second Amended Complaint fails to join parties whose joinder is required by Maryland Rule 2-211.

## NEGATIVE DEFENSES

1. Under controlling Maryland law and other persuasive authority concerning actions involving trusts, Plaintiffs lack the capacity to sue and the Bolog Defendants may not be sued.

2. Under controlling Maryland law and other persuasive authority concerning actions involving trusts, Plaintiffs lack the authority to sue in a representative capacity and the Bolog Defendants may not be sued in a representative capacity.

3. The claims are barred by written instruments, including but not limited to instruments that effectuate the gift properly delivered to and accepted by JAREB.

## AFFIRMATIVE DEFENSES

1. The claims are barred by the doctrine of accord and satisfaction.

2. The claims are barred by the doctrine of assumption of risk.

3. The issues raised are precluded by the doctrine of collateral estoppel.

4. The claims are barred by contributory negligence.

5. The claims are barred because they arise from impermissible duress.

6. The claims are barred by the doctrine of estoppel.

7. The claims are barred by fraud.

8. The claims are barred due to their illegality

9. The claims are barred by the doctrine of laches.

10. The claims are barred by payment.

11. The claims are barred by release.

12. The claims are barred by the doctrine of res judicata.

13. The claims are barred by the applicable statutes of limitations.

14. The claims are barred by waiver.

15. Documentary evidence disproves the claims.

16. The claims fail to plead fraud with particularity.

17. The Bolog Defendants did not factually, legally, or proximately cause any purported injury to the Plaintiffs.

18. Any purported damages alleged in the Second Amended Complaint, to the extent any purported damages exist or could be proven, are the result of the Plaintiffs' own conduct or the conduct of persons other than Bolog Defendants, conduct for which the Bolog Defendants are not responsible.

19. Plaintiffs failed to mitigate the alleged damages.

20. The claims are barred by the doctrine of unclean hands.

21. The claims for punitive damages are barred by the Constitutions of the United States and Maryland.

## **JURY TRIAL DEMAND**

The Bolog Defendants demand trial by jury of all claims and issues so triable. *See* Maryland Rule 2-331(b).

Dated: February 20, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,

*[signature]*

Douglas F. Gansler (Bar Number: 8912180208)
J.B. Howard (Bar Number: 9106200125)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
j.b.howard@cwt.com

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2025, a copy of the foregoing was served electronically via MDEC upon counsel of record, and remaining parties served via first class mail.

**Counsel of Record Served via MDEC:**
Wes P. Henderson
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly
William J. Murphy
Kirk E. MacKinnon Morrow
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue, Unit 103
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**Swain Landing LaPlata JC, LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court, Apt. 606
Clinton, MD 2073

Respectfully,

*[signature]*

Douglas F. Gansler (8912180208)
J.B. Howard (9106200125)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
j.b.howard@cwt.com

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*