# UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| *In re:* | * | Case No. 25-184-ELG |
| *Swain Landing LaPlata JC, LLC* | * | U.S. Bankruptcy Court for the District of |
| | * | Columbia |
| **Debtor** | * | |
| *    *    *    *    *    * | * | |
| *Claudia Engelhorn, et al.* | * | Case No.: 25-00159 |
| | * | U.S. Bankruptcy Court for the District of |
| **Plaintiffs** | * | Maryland |
| | * | |
| *v.* | * | Case No.: C-24-CV-002631 |
| | * | Circuit Court for Baltimore City, |
| *Erik D. Bolog, et al.* | * | Maryland |
| | * | |
| | * | |
| **Defendants** | * | |

*************************************************************************

**PLAINTIFFS' OPPOSITION TO BOLOG DEFENDANTS' MOTION UNDER
FEDERAL RULES OF BANKRUPTCY PROCEDURE 8002(d)(1) AND 9024 AND
9 U.S.C. §§ 3 & 4  TO COMPEL ARBITRATION OR, ALTERNATIVELY, TO EXTEND
THE TIME TO FILE A NOTICE OF APPEAL**

Plaintiffs and Counter-Defendants, Claudia Engelhorn ("Ms. Engelhorn"), individually and as Trustee of the Whitewater Revocable Trust dated September 30, 2021, as amended, ("Whitewater Trust") and White Pearl, LLC ("White Pearl") and, collectively, "Plaintiffs" or "Counter-Defendants"), hereby file this opposition (the "Opposition") to the Bolog Defendants' *Motion Under Federal Rules of Bankruptcy Procedure 8002(d)(1) and 9024 and 9 U.S.C. §§ 3 & 4* [Docket No. 42][1] to compel arbitration or alternatively, to extend the time to file an appeal (the "Motion"), and respectfully state as follows:

---

[1] References to the docket in this Adversary Proceeding are cited to as "Docket No."

**PRELIMINARY STATEMENT**

By filing the Motion, the Bolog Defendants seek authority to arbitrate, a demand they not only lost at Circuit Court for Baltimore City, Maryland (the "Maryland Circuit Court") but have also moved for reconsideration in this Court.[2] Plaintiffs respectfully request this Court deny the Motion in its entirety as it is untimely, procedurally improper, and substantively meritless under relevant Federal and State law.

Under the present Motion, the Bolog Defendants seek relief either to arbitrate under the Federal Arbitration Act ("FAA") or extend the expired appeal period to litigate the matter they lost at the Maryland Circuit Court under the Maryland Uniform Arbitration Act ("MUAA"). By doing this, the Bolog Defendants also seek to further delay these proceedings and obscure the record under the guise of shifting legal theories and the belated invocation of alleged arbitration rights they have long since waived, to the extent they even existed.

This Court should reject Defendant Bolog's efforts and deny the Motion. To rid itself and the Plaintiffs of further vexatious litigation by the Bolog Defendants, the Court should remand the underlying litigation to the Maryland Circuit Court as requested by the Plaintiff's in its *Motion for Abstention and Remand* and related *Memorandum in Support of Motion for Abstention and Remand* [Docket No. 43] (the "Abstention Motion") which is incorporated herein by reference.

**BACKGROUND**

1.  The Plaintiffs filed a lawsuit[3] against, among others, defendants Erik Bolog, in his individual capacity ("Mr. Bolog") and as Trustee for the JAREB Irrevocable") on Agreement

---

[2] *See Plaintiffs' Response in Opposition to the Bolog Defendants' Motion to Reconsider Order Denying Petition for an Order Compelling Arbitration and Staying Proceedings* [Docket No. 12] (the "Opposition to Motion to Reconsider") at 2.
[3] Styled as *Claudia Engelhorn et al. v. Erik D. Bolog, et al.*, Case No. C-24-CV-002631, in the Circuit Court for Baltimore City, Maryland (the "Circuit Court Action").

Dated October 11, 2021 ("JAREB"), Science Park Associates, LLC ("Science Park"), and Darnestown Road, Inc., ("Darnestown") (collectively, the "Bolog Defendants") on September 10, 2024 which was amended on October 30, 2024 and February 5, 2025.

2. On November 15, 2024, Whiteford, Taylor & Preston, LLP ("WTP") filed a Petition for an Order Compelling Arbitration and Staying Proceedings and a Motion to Dismiss or Stay.

3. In response, the Bolog Defendants filed a Response on December 17, 2024, which asserted that "[n]one of the claims against the Bolog Defendants is subject to arbitration…"

4. On November 11, 2024, Bolog Defendants also filed a Motion to Strike certain allegations in the Amended Complaint, a Motion for a More Definite Statement, and a Motion to Dismiss for failure to state a claim.

5. With the exception of requiring Plaintiff Engelhorn to disclose her address, the Maryland Circuit Court otherwise denied WTP's and the Bolog Defendants' various motions, including WTP's Petition to Arbitrate, during a January 27, 2025, hearing.

6. The Bolog Defendants filed an Answer on February 20, 2025. The Answer demanded a jury trial and did not assert that any of the Plaintiffs' claims were subject to arbitration.

7. On March 24, 2025, the Bolog Defendants (excluding the JAREB Trust) filed a Counterclaim against the Whitewater Trust and Ms. Engelhorn, individually, alleging Defamation (Count I), Indemnification under the terms of the Trust (Count II), Abuse of Process in the filing of the instant action (Count III), and breach of the terms of the Whitewater Trust (Count IV), instead of initiating arbitration with respect to these claims.

8. The Counterclaim asserts that Ms. Engelhorn and the Whitewater Trust have violated the terms and conditions of the Trust by failing to indemnify the Counter-Plaintiffs and

for failing to pay Mr. Bolog trustee commissions under the terms of the trust. The Bolog Defendants once again demanded a jury trial for their counterclaims as well.

9. Four days later, on March 27, 2025, the Bolog Defendants submitted a letter demanding arbitration and the payment of $500,000.00, which the Plaintiffs refused.

10. Thereafter, on April 18, 2025, the Bolog Defendants sought to compel arbitration (the "Motion to Compel Arbitration") which was denied by the Maryland Circuit Court on June 4, 2025 (the "June 4th Order").

11. The Bolog Defendants filed their *Motion for Reconsideration* ("Motion for Reconsideration") on June 9, 2025 in the Maryland Circuit Court, which the Plaintiffs have opposed (Docket No. 12).

12. The Circuit Court Action was removed to this Court on June 10, 2025.

## ARGUMENT

13. The Bolog Defendants already requested reconsideration of the Maryland Circuit Court's denial of its request to arbitrate by this Court or by to the United States Bankruptcy Court for the District of Columbia (the "DC Bankruptcy Court") if the Adversary Proceeding is transferred. To the extent that the Bolog Defendants seek to incorporate arguments raised in their Motion for Reconsideration, they are opposed for the same reasons stated in Plaintiffs' opposition thereto. In addition to those arguments, Plaintiffs state the following:

**A.    The Motion Is Untimely and Provides No Basis for Finding Excusable Neglect**

14. The Motion should be denied as untimely under Federal Rule of Bankruptcy Procedure 8002(a)(1) (the "Bankruptcy Rules"), which requires that a notice of appeal be filed within 14 days of the entry of the order being appealed. The order denying the Motion to Compel Arbitration was entered on June 4, 2025. The Bolog Defendants did not file this Motion until July

9, 2025 — 35 days after the appeal deadline. No extension was sought or granted, and no tolling event occurred. Accordingly, any appeal or renewed motion is procedurally barred.

15. The Bolog Defendants also cannot seek shelter under Bankruptcy Rule 8002(d)(1), which may permit a bankruptcy court to extend the time to appeal upon a showing of "excusable neglect." Here, the Bolog Defendants have made no such showing of anything resembling excusable neglect by affidavit or other proof. *See e.g.*, *In re Swann*, 2007 WL 1728706, at 2-3 (Bankr. D. Md. June 12, 2007) (plaintiff asserting excusable neglect filed an affidavit which the court accepted); *Ekweani v. Welles Fargo Home Mortg., Inc.*, 2013 WL 5937977, at *1 (D. Md. Nov. 5, 2013) (holding that a notice of appeal that was filed one day late could not be considered by the court because the plaintiff did not make a showing of excusable neglect); *Wood v. Wolff*, 2021 WL 4290599, at *1 (D. Md. Sept. 21, 2021) (dismissing an appeal that did not "provide any argument or explanation for the late filing that could form the basis of a finding of excusable neglect"). As this Court has already determined in this Adversary Proceeding, demonstrating excusable neglect is not an easy burden. *See Order Denying Motion to Extend Time* [Docket No. 11].

16. Even if they had tried, there is no excusable neglect. The Bolog Defendants are represented by sophisticated counsel, who were fully aware of the June 4 Order, and had ample opportunity to act within the appeal 14-day window. Their failure to do so was not the result of inadvertence, ambiguity, or external circumstances beyond their control, but rather a strategic decision to delay and reframe their arbitration theory after their initial motion under the MUAA was denied. Accordingly, Rule 8002(d)(1) offers no relief.

B.  **The Filing of the Motion for Reconsideration Does Not Support the Pending Requested Relief Because The Maryland Denial Is Non-Appealable and the Federal Arbitration Action is Not Applicable**

17. The Bolog Defendants assert that its Motion for Reconsideration stays the appeal period under Federal Rules of Civil Procedure 59 and 60. While a Motion made under Rule 59 or 60 may be used to stay an appeal under appropriate circumstances, that argument is without merit here. This is because the Motion for Reconsideration was brought in connection with a ruling that was made solely under the MUAA, not the FAA on which the Bolog Defendants now seek to rely.

18. Further, the Maryland Circuit Court's denial of arbitration was interlocutory and as such, is not appealable. In *Am. Bank Holdings, Inc. v. Kavanaugh,* 436 Md. 457, 478-479 (2013), the Supreme Court of Maryland held:

> As we have reiterated, an appealable "final judgment" under Section 12-301 of the Courts and Judicial Proceedings Article decides and concludes the rights of the parties involved or denies a party the means of further prosecuting or defending rights in the subject matter of the proceeding. *Nnoli,* 389 Md. at 323-24; 884 A.2d at 1219-20; *Brewster*, 360 Md. at 611, 759 A.2d at 742; *Peat, Marwick, Mitchell, & Co.*, 284 Md. at 91, 394 A.2d at 804. An order denying a request to compel arbitration, styled as a motion or petition, filed in an existing action does neither and cannot be viewed as a final judgment, unlike that situation when a Petition to Compel Arbitration filed on its own is denied, which terminates the action.

*Am. Bank Holdings, Inc.*, 436 Md. at 478-479 (2013).

19. The attempt by the Bolog Defendants to circumvent this bar by seeking to recharacterize the Motion for Reconsideration as a request to proceed under FAA is without merit as the FAA was not the subject of the June 4th Order.

20. The Bolog Defendants' attempt to otherwise invoke the FAA at this time should be denied for lack of jurisdiction. As the Supreme Court held in *Badgerow v. Walters*, 596 U.S. 1 (2022), a federal court may entertain a motion under the FAA only if there is an independent

jurisdictional basis for federal jurisdiction. The Bolog Defendants have failed to establish such a basis, particularly with respect to the Non-Swain Claims (as defined in the Abstention Motion) to which they are the target, which are governed by state law and do not arise under federal bankruptcy jurisdiction.

21. The Bolog Defendants assert that independent Federal jurisdiction exists because Swain Landing filed this adversary proceeding and removed this action from State Court. However, such activity does not provide a lawful basis to establish jurisdiction under the FAA. If it were, any claim dispute in bankruptcy could be subject to arbitration, which this Court knows well is not the law. *See*, *Vaden v. Discover Bank*, 556 U.S. 49 (2009) (holding that a court must "look through" to the "underlying substantive controversy" to determine whether there is independent Federal jurisdiction). In fact, for the reasons set forth in Abstention Motion, this Honorable Court should abstain and remand the Non-Swain Claims to the Maryland Circuit Court, in part, because there is no independent federal jurisdiction over the Non-Swain Claims. *See* Abstention Motion 9-10.

22. Even if the FAA could theoretically apply to this matter (which it does not), the Bolog Defendants have waived and forfeited any right to compel such arbitration. Under 9 U.S.C. § 3:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is **<u>not in default</u>** in proceeding with such arbitration. (emphasis added).

9 U.S.C. § 3.

23. A party is in default if it has acted inconsistently with the right to arbitrate. A party who has actively participated in litigation or otherwise acted in a manner inconsistent with an intent to arbitrate is "necessarily 'in default,'" within the meaning of this provision. *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513, 123 U.S. App. D.C. 378 (D.C. Cir. 1966).

24. A party, therefore, can waive their right to arbitrate. Waiver "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U. S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (internal quotation marks omitted). "To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right…" *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). Courts consider whether a party "so substantially utilizes the litigation machinery" to constitute a waiver of its right to insist on arbitration. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001). "[D]elay and the extent of the moving party's trial-oriented activity are material factors" in considering whether a waiver has occurred. *Id*.

25. Plaintiffs also adopt and incorporate their Opposition to Motion to Reconsider herein. The Opposition to Motion to Reconsider sets forth the extent of the Bolog Parties' actions that were wholly inconsistent with the existence of a right to compel arbitrations, such as their repeated assertions that no such agreement existed, demanding a jury trial in their answer, filing a counterclaim arising out of the same legal and factual disputes that form the basis of Plaintiffs' claims, and thereafter demanding a jury trial on their counterclaims, before demanding arbitration. All of these actions, and more, as set forth in the Opposition to Motion to Reconsider constitute active litigation and conduct warranting a finding that the Bolog Defendants relinquished their right to compel arbitration.

26. Even assuming, *arguendo*, that the Bolog Defendants are not time barred and have not otherwise waived their right to seek arbitration, this Honorable Court should deny the Motion because arbitration provisions in trust agreements are not enforceable as a matter of law under Virginia law. Section 10 of Exhibit A to the Bolog Parties' Motion to Reconsider Order Denying Bolog Defendants' Petition for an Order Compelling Arbitration and Staying Proceedings contains the purported trust document upon which the Bolog Parties' request for arbitration is purportedly based. Per Section 10, Virginia law governs the "validity and construction of the agreement." The Virginia Supreme Court recently addressed the enforceability of arbitration provisions in trust agreements in *Boyle v. Anderson*, 301 Va. 52, 871 S.E.2d 226 (2022).

27. Specifically, the Court addressed the specific issue of whether the Virginia Uniform Arbitration Code §§ 8.01-581.01 to -.016 ("VUAA") or the FAA §§ 1-16 compels enforcement of an arbitration clause in a trust. *Id*.

28. *Boyle* concerned the administration of a trust that had a clear and unambiguous arbitration provision requiring the submission of "any dispute" that could not be amicably resolved to arbitration. *Id*. at 55. The trustee, Boyle, was also one of the beneficiaries, and the other beneficiaries filed suit to remove Boyle as the trustee and obtain an order forcing her to comply with the terms of the trust. *Id*. In response, Boyle filed a motion to compel arbitration under the VUAA and/or the FAA. *Id*. The VUAA applies to both a "written agreement to submit any existing controversy to arbitration" and to "a provision in a written contract to submit a controversy to arbitration. *Id*. at 56 (quoting VUAA § 8.01-581.01). However, the Court conducted a detailed analysis discussing the fundamental difference between contracts and agreements on the one hand, and trusts on the other, and held that a trust is fundamentally different from a contract or an agreement.

> We conclude that a trust does not qualify as a contract or agreement. Trusts are generally conceived as donative instruments. The Second Restatement of Trusts, carrying forward the language of the first Restatement of 1935, states that "[t]he creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract." Restatement (Second) of Trusts § 197 cmt. B (1959). The Second Restatement defines a trust as "a fiduciary relationship with respect to property." Id. § 2.
>
> Beyond this longstanding conception of trusts, contracts and trusts differ in how they are formed. "The existence of the contract depends on actual acceptance of an offer. It is founded on mutual assent. A trust is in the nature of a conveyance of an equitable interest, and its formation is not dependent on the beneficiary's knowledge or acquiescence." Amy Morris Hess, et al., Bogert's Law of Trusts and Trustees § 17 (2021). Additionally, trusts differ from contracts in that "[n]o consideration is required for the creation of a trust. . . . In fact, most trusts are created by gratuitous transfer." Restatement (Third) of Trusts, Introductory Note 1 (2003). Beneficiaries of a trust generally do not provide any consideration to the settlor of the trust.
>
> Additionally, the duties owed by contracting parties also differ from the fiduciary duties a trustee owes to the beneficiaries of the trust. See Rowland v. Kable, 174 Va. 343, 367, 6 S.E.2d 633 (1940) (noting the fiduciary nature of a trustee's duties); see also Restatement (Third) of Trusts § 2 (2003) ("A trust . . . is a fiduciary relationship with respect to property.")
>
> …
>
> Third, ownership of property in a trust differs from ownership of property in a contract. "One of the major distinguishing characteristics of a trust is divided ownership of property, the trustee usually having legal title and the beneficiary having equitable title." Id. This stands in contrast to the law of contracts, where "this element of division of property interest is entirely lacking." Id. Additionally, "[t]he rights and duties of parties to a contract generally may be freely transferred. A trustee, on the other hand, cannot assign the trusteeship or delegate the performance of fiduciary duties except as permitted by statute." *Id*.
>
> When the language of a statute is unambiguous, we are bound by its plain meaning. Conyers, 273 Va. at 104. The VUAA does not apply to all arbitration clauses. It applies to "a provision in a written contract." Code § 8.01-581.01. We conclude for all these reasons that a trust is not a "contract."

*Boyle*, 301 Va. 52, 56-59 (footnotes omitted).

29. Finally, the Court likewise concluded that a trust was not a "contract" under the FAA, specifically, 9 U.S.C. § 2. *Id*. at 59. As such, under the VUAA, a party to a trust may not be compelled to arbitrate because a trust is not an "agreement" or "contract."

30. In the case at bar, the Trust document, while called an agreement, is not actually an agreement or contract under the law of Virginia. There was no consideration for the Trust's property to be held in a fiduciary capacity, and the trustee lacks the ability to assign trusteeship or delegate the performance of their fiduciary duties except as proscribed by Virginia law. Thus, this Honorable Court, applying the substantive law of Virginia, must find that the arbitration term in the trust is not enforceable, as the Circuit Court has done. As a result, the Bolog Defendants' Motion must be denied.

WHEREFORE, for the foregoing reasons, the Motion should be denied in its entirety. Plaintiffs respectfully request that this Court enter an order denying the Motion, and grant such other and further relief as justice may require.

Respectfully submitted:

/s/      WPH
Wes P. Henderson, Esq. (Fed. Bar #15926)
Patrick D. Gardiner, Esq. (Fed. Bar #19729)
HENDERSON LAW, LLC
2127 Espey Court, Suite 204
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

<u>/s/      SJA</u>
Sam J. Alberts (Fed Bar # 22745)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Tel. (202) 408-7004
Email: sam.alberts@dentons.com

*Attorneys for Plaintiffs and Counter-Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2025, a copy of the foregoing was sent via CM-ECF on the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in Possession*

Douglas F. Gansler, Esq.
Matthew Karlan, Esq.
Zack Schrieber, Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Defendants Erik D. Bolog, Individually,
and as Trustee of The JAREB Irrevocable Trust
Agreement dated October 11, 2021,
Science Park Associates, LLC, and Darnestown Road, Inc*

AND via first-class mail, postage prepaid on the following:

Michael Postal
1801 16th Street N.W., Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103,
Takoma Park, MD 20912

*Defendant pro se*

                                                                      /s/ WPH
                                        Wes P. Henderson, Esq. (Fed. Bar #15926)